BERTHOLD *et al.* v. HOSKINS *et al.*

*(Circuit Court, S. D. Mississippi, E. D.   May 27, 1889.)*

1. COURTS—FEDERAL—JURISDICTIONAL AMOUNT.
   . Its cash price at a forced sale is not the proper criterion for ascertaining the value of property in controversy, on the question of the jurisdiction of the federal courts, but the true rule is, what could it be sold for in the ordinary course of business?

2. TAXATION—REDEMPTION FROM TAX-SALE.
   Where, under a city charter, 18 months from the time the deed is filed with the mayor are allowed in which to redeem from a tax-sale, the period of redemption is to be computed from the time a deed, properly acknowledged, is filed.

3. SAME—POWER TO LEVY TAXES—CURATIVE ACT.
   Where a city is authorized to levy "in each and every year" a tax not exceeding 50 cents on the $100, a tax levied in 1886 for the year 1885 is invalid, and a sale therefor cannot be aided by an act curing irregularities in proceedings for the enforcement of taxes.

In Equity.   On final hearing.

Bill by Berthold & Jennings against Isaac W. Hoskins and others, to set aside conveyances.

*Nugent & McWillie,* for complainants.

*Hiram Cassidy,* for defendants.

HILL, J. . This cause is submitted upon bill, answers, and proof, from which the following facts appear: On the 5th day of February, 1887, said I. W. Hoskins and wife executed a mortgage upon the real estate described in the bill, which then belonged to said I. W. Hoskins, to secure the payment of three notes executed by him to complainants. After the maturity of the notes, complainants, in the chancery court of Lincoln county, filed their bill against said Hoskins and wife to foreclose the mortgage, for the payment of the amount due on the mortgage notes, which resulted in their obtaining a decree from said chancery court of Lincoln county for foreclosure and a sale of said real estate. The property was purchased by complainants, and, by confirmation of the sale and deed of the commissioner on the 31st day of December, 1887, the title to the estate so sold and purchased was vested in complainants. At some time after the date of the mortgage, and before the sale of the real estate,—the precise date does not appear,—this real estate was assessed for state and county taxes at the sum of $2,000, in the name of Mrs. Ella B. Hoskins, wife of I. W. Hoskins. On the 4th day of January, 1886, the board of mayor and aldermen of the city of Brookhaven, in which the property is situate, levied a tax upon the same of 3½ mills on

the $100 worth for city purposes, and 3 mills for school purposes.   This tax was levied for the year 1885.   On the 3d day of May, 1886, the tax not being paid, the property was offered for sale for the taxes due, and, no one bidding, the same was struck off to the board of mayor and aldermen of the city of Brookhaven, and a deed was executed by the tax collector to the board of mayor and. aldermen, conveying the property to them; which deed, it is claimed, was left with the mayor, but was not acknowledged or marked "Filed" until the 10th day of June thereafter.   The charter of the city required that in making sales for taxes the same notice should be given as was required of the collectors of state and county taxes, which was three weeks' notice published in some newspaper published in the county.   The proof shows that the notice of sale was published in a newspaper published in the city of Brookhaven—*First*, on the 15th April; *second*, on the 22d April; and, *lastly*, on the 29th of April, 1886,—the first being only 18 days before the day of sale.   On the 11th day of November, 1887, complainants, by their agent and attorney, offered to redeem the property so sold and purchased for the taxes due by paying the same, with interest and damages thereon, which was refused by the mayor, but who on the 26th day of December, 1887, sold and conveyed the same property to Mrs. Elizabeth Hoskins, the mother of I. W. Hoskins, for the sum of $41.85.   This bill is filed for the purpose of having the deed by the tax collector to the board of mayor and aldermen of Brookhaven, and by the board of mayor and aldermen to Mrs. Elizabeth or Mrs. Lizzie A. Hoskins, declared void, and set aside as a cloud upon complainants' title to the town lots and real estate described in the bill, and upon the following grounds:   (1) That, under the charter of the city of Brookhaven, complainants were entitled to redeem said real estate at any time within 18 months after the sale of said property, and the deposit of the deed with the mayor of said city, and that the offer was made to redeem within 18 months after the deed was properly acknowledged and filed with said mayor; (2) that the 18 months allowed for redemption had not expired when the sale was made by the mayor to Mrs. Elizabeth Hoskins; (3) that by the charter of said city the power of taxation by the mayor and aldermen was limited to 50 cents on the $100 of the value of said property, and that the tax levied was in excess of that sum; (4) that the mayor and aldermen had no power on the 4th day of January, 1886, to levy a tax for 1885; (5) that the notice given of said sale was insufficient; (6) that the lands were assessed in the name of Ella B. Hoskins, when they belonged to her husband, I. W. Hoskins; (7) that the assessment of the lands had not been approved by the board of mayor and aldermen; (8) that the city tax collector returned no list of the lands sold to the city on the 3d day of May, 1886, and acknowledged and executed no deeds to said lands until the 10th day of June, 1886; (9) that after the tax collector's sale, and before the expiration of the time allowed to redeem said land, the board of mayor and aldermen allowed said I. W. Hoskins certain claims against said city greatly in excess of said taxes, by means whereof the said property was redeemed; (10) that the whole proceedings, by rea-

son of the delinquency in the payment of the taxes, the sale to the board, and the sale to Mrs. Elizabeth A. Hoskins, was a scheme devised by said I. W. Hoskins, and known and participated in by the other parties to the transaction, to hinder and delay the complainants in the collection of their debts.

But, before these questions are considered, it is necessary to consider the question of jurisdiction raised, not by the plea, but, as it is insisted, by statements made in the answer and by the proof, and that is as to the value of the property. It is alleged in the bill to be worth from $2,100 to $2,500. The answer and the testimony of the tax collector and mayor of the city place it at not more than $1,500. It is also testified that the property is assessed at $1,000 for state and county taxes. On the other hand, it was given in, it must be presumed, by I. W. Hoskins, after he executed the mortgage in which his wife joined, at $2,000, though for some reason it was assessed in his wife's name, which reason is not explained, and it is upon this assessment the taxes were levied. Mr. Thompson, the attorney for complainants, testifies that the improvements could not be put on the land for less than from $2,500 to $3,000, and that the lots are conveniently situated, and these facts are not disproved. I take it that the estimate put upon the property by the collector and mayor is what it would bring in cash at a forced sale. This is not the proper criterion for finding the value of property on the question of the jurisdiction of the court, but the true rule is, what it would bring in the ordinary course of business. Tested by this rule, the estimate put upon it by I. W. Hoskins, when given in for taxes, and the estimate of Mr. Thompson, I believe more reliable, as men seldom give in their property for the purpose of taxation for more than it is worth, but more frequently for not exceeding half its value, and sometimes much less. This is so general that the court might almost take judicial notice of it. Therefore this contention cannot prevail.

The objections taken to the conveyances sought to be set aside will be considered in the order stated: First, that the offer to redeem was in time. I am satisfied that the collector's deed required to be filed with the mayor, is a deed executed and acknowledged by the collector, so that nothing more is required to be done by the collector to vest the title in the city, and to have the same placed on the proper record; and that the deed so executed and acknowledged should be constantly on file in the mayor's office for the full term of 18 months, to cut off the right of redemption, and to give the deed the *prima facie* evidence of title, and to cure irregularities in the assessment, sale, etc., and, if correct in this, the first and second objections to the deed sought to be set aside, are well taken. I am not satisfied that the third ground is maintainable, and do not believe these conveyances should be set aside on that ground. The fourth objection is that the taxes were not levied within the year for which the levy was made. The act under which the levy was made provides that the board shall have power in each and every year to levy a tax not exceeding 50 cents on each and every $100 of value. This provision does not fix any particular time in the year, but does provide that

it shall be done within the year. I am therefore of the opinion that the board had no power to levy the tax for which the property in controversy was sold, after the expiration of the year 1885; that the sale for this reason, if for no other, was void. The fifth reason is that the notice of the time of sale was insufficient. I am satisfied that the notice required by law to have authorized the sale was for three weeks from the first publication, and not for three weekly insertions, as counsel insist; but this is an irregularity that would have been cured, had the time for redemption elapsed before a tender to redeem was made. The other objections to these conveyances, if there were no other, are not sufficient, under the proof, to set aside these conveyances as prayed for, as they would have been cured by the act of 1878. The proof shows that complainants had a valid title to the estate in controversy, unless that title was lost by the tax-sale made on the 3d day of May, 1886. To render that sale valid, the tax for the payment of which the property was sold must have been legally levied, and the taxes must, at the time the sale was made, have remained unpaid. These irregularities in the levy of the tax would have been cured by the operation of the act of 1878, had the limitation of the time for redemption expired, but this act cannot cure the want of a levy required by law to be made, and, if I am correct in holding that the board of mayor and aldermen had no power or authority to make the levy after the expiration of 1885, then no levy was made authorizing the sale, and no valid sale has been made, and both the legal and equitable title to the real estate described in the bill remain in complainant, and the title claimed by Mrs. Elizabeth A. Hoskins, through the conveyances from the tax collector to the city, or its board of mayor and aldermen, and the deed from the mayor to her, are null and void, and a cloud upon the title of complainants, and which they have a right to have declared void and set aside as clouds upon the title by the decree of this court, as provided by the statute of the state. A decree to that effect will be entered, but the defendant or Mrs. Hoskins will be entitled to have refunded to her by complainants such sums as she may have paid for taxes on the property, unless she has been in possession of the property, or has received the rents and profits thereof.