## WEST v. DUNCAN et al.

*(Circuit Court, S. D. Mississippi, S. D.    August 20, 1889.)*

1. TAXATION—SUIT TO SET ASIDE TAX-DEED—PARTIES.
    In a suit in Mississippi to set aside a deed from the tax collector, of land sold for non-payment of taxes, on the ground that complainant, within 12 months after the deed was filed for record, tendered to the purchaser all taxes, damages, interest, and costs, and because the tax collector failed before the sale to publish a list of the delinquent land as required by law, and further on the ground that, at the time of the sale, complainant had sufficient personal property, which it was the collector's duty to first exhaust, the collector is not a proper party.

2. SAME.
    Where the suit is also to set aside a subsequent deed from the purchaser at the tax sale, such purchaser is a necessary party.

3. SAME—TAX-SALE.
    It is not necessary in Mississippi that the tax collector, before selling land for delinquent taxes, shall first exhaust the personal property of the delinquent.

4. SAME—VALIDITY OF SALE—PRESUMPTIONS.
    Section 22 of the charter of Pass Christian, in Mississippi, as amended by the act of 1886, providing that in sales for taxes all presumptions of law shall be in favor of everything having been done by the officer, previous to and in making the sale, to communicate a good title to the purchaser, and the sale and title acquired shall only be set aside on satisfactory proof that the taxes for which the land was sold were actually paid before the sale, does not prevent the owner of land sold for taxes from suing to set the tax-deed aside on the ground that the tax collector failed to publish a list of the delinquent land as required by law.

5. SAME—REDEMPTION—RECORDING TAX-DEED.
    Such charter provides that within three days after the sale the tax collector shall execute and deliver to the purchaser a deed conveying the land to him, and providing for its redemption by the owner at any time within 12 months from the day of sale.    Tax-deeds are required to be filed for record with the clerk or other officer,

and to remain there during the time limited for redemption. *Held* that, where the purchaser fails to file his deed until four months after the sale, the time limited for redemption begins to run from the date the deed is filed, and **not** the date of sale.

In Equity. Bill to set aside a tax-deed.
*Roberts & Thomas,* for complainant.
*E. J. Bowers,* for defendants.

HILL, J. The questions now presented for decision arise upon the demurrer of the defendants to the bill of complainant, which bill, in substance, alleges that complainant is the true and lawful owner of the real estate described in the bill, and is situate in the town of Pass Christian, within the jurisdiction of this court; that the defendant Duncan sets up a pretended title and claim thereto based upon a deed of conveyance executed to him by John H. Lang, of the defendants to this bill; that Lang claimed title to said land under a deed of conveyance executed to him by W. A. Terrall as tax collector for said town of Pass Christian, but was not filed for record until the 3d day of December, 1888. The bill further avers that, within less than 12 months after the filing of said deed for record, complainant tendered to said Duncan all taxes, damages, interest, etc., and the amount paid by him, to the said Lang, to redeem said real estate, but which was refused by him. The bill further alleges that the pretended sale of said real estate for taxes due thereon was illegal and void for the alleged reason that said tax collector failed to have a list of the property upon which the taxes had not been paid published in the only newspaper then published in the town of Pass Christian at the time, and for the length of time, required by the amended charter of said town, and under which authority said sale is claimed to have been made, and for the additional reason that complainant had more than a sufficiency of personal property in said town to have paid said taxes, which said collector did not seize and sell, which it was his duty to have done, before selling said real estate; that said pretended deeds of said tax collector to said Lang, and said Lang to said Duncan, are illegal and void, and cast a cloud on complainant's title, which the bill prays may be so declared, canceled, and set aside.

The demurrer of said tax collector and said Lang sets up as grounds therefor that they are not proper parties to this suit, and pray to be dismissed with their costs. I am of opinion that said Terrall is not a proper party to this suit, and that as to him the demurrer must be sustained, and the bill dismissed, but that, as the bill seeks to cancel and set aside the tax-deed to Lang, and his deed to Duncan, that he is a proper, if not a necessary, party, and that the demurrer as to him must be overruled, which brings us to the consideration of the demurrer of the defendant Duncan.

The grounds of demurrer alleged are (1) that the bill on its face shows that complainant has no title to the real estate, described in the bill; (2) that this bill on its face shows that defendant Duncan has a good and valid title to the real estate described in the bill.

The only grounds that need be considered alleged in the bill for the

relief sought are, first, that complainant had sufficient personal property in the town of Pass Christian to pay all the taxes of said real estate, and which should have first been exhausted before selling said real estate for any taxes due thereon. The charter of said town leaves it discretionary with the collector as to whether he will sell the delinquent tax-payers' personal property found within the town, or sell the real estate, so that this ground for relief is not maintainable; and, if this were not so, under the ruling of the supreme court of this state a like result would follow.

The second ground is that the tax collector did not give the notice required by the charter that the tax had not been paid on this property. That the notice was not given is admitted by its demurrer, but it is insisted on the part of the defendant Duncan that this defect is cured by the provision of section 22 of the charter of said town, as amended by the act of 1886. This section provides that—

"In cases of sales of property within the incorporate limits of said town for taxes levied and collected by authority of said town, all presumptions of the law shall be in favor of everything having been°done previous to, and in the making of, said sale, by the officers, to communicate a good and valid title to the purchaser; and said sale, and the title acquired thereunder, shall only be set aside and held for naught upon proof, satisfactorily made to the proper court trying the title, that the taxes for which said property was sold had actually been paid off and discharged to the proper officer before the sale took place."

The constitution, both of this state and of the United States, provides that no man shall be deprived of his property except by due process of law. To divest a man of the title to his land for non-payment of taxes, there must be a lawful assessment of the value of the property, if based on its value, by some man, or body of men, duly authorized by law to make the same; (2) there must have been a tax duly levied by said body of men, duly and legally authorized by law to levy the same; and (3) there must have been default in paying the tax, and a sale and conveyance thereof made by some person authorized by law to make the same. Anything less than this would not be by due process of law, and therefore void under this provision of the constitutions of both the state and United States. The statute relied upon provides as matter of evidence that the presumption shall be that all was done that was required to be done, by the respective officers, in making the assessment, levy, and sale; but this, like almost all other presumptions, may be rebutted by sufficient evidence, the burden of making which is thrown upon those disputing the validity of the title. The tax collector was not authorized by law to make the sale without giving the notice required, and which the demurrer admits he did not do. I am satisfied that this section of the charter does not contain the curative properties claimed for it. The legislature has passed acts providing that, unless suits are brought within certain periods, one of five and another of three years, to invalidate tax-titles, thereafter no irregularity in the proceedings necessary to vest the title in the purchaser under the tax-sale shall be admitted to defeat such title, which is intended to cure such defects. The curative effect

of these statutes can only be applied to cases in which the act done, or omitted to be done, could have been authorized by the legislature in the first instance, and not to cases incurable under the constitution of the state or United States. These statutes of the state give to the tax-payer or owner of the property ample opportunity to bring his action to set aside the voidable title of the purchaser at the tax-sale for any want of compliance with the law, and for which the sale may be avoided. The literal reading of this provision of the charter cuts off this opportunity; and, if such is the proper construction of the provision, it would be repugnant to the constitution, and void. But it is presumable that it was only intended to have the effect claimed after an opportunity was given to have the validity or invalidity of the title established by judicial proceeding. Without further consideration of this question, I must hold that the bill on its face shows sufficient ground for setting aside and canceling the tax-title, as prayed for, for want of the notice of the non-payment of the taxes as required by the charter.

The third and last ground alleged in the bill for setting aside the tax-title is "that the deed was not filed with the clerk for registration" as required by the charter. All other tax-title deeds are required to be filed with the clerk of the court, or some officer of the city, or other municipal corporation, and there to remain during the time limited for redemption by the tax-payer, or those holding under him. In the charter in this case, it is provided that within the three days after the sale the tax-collector shall execute and deliver to the purchaser a deed conveying to him the land, upon payment of all taxes, damages, costs, and expenses, as stated in the charter, and giving to the tax-payer or owner the right to redeem the property within one year from the day of sale by paying to the purchaser at the tax-sale all taxes, costs, damages, interest, and expenses paid by him, either in the purchase or afterwards, growing out of the non-payment of the taxes. The purpose of this provision of the charter evidently was that the tax-payer, by going to the clerk's office and examining the records of the registration of deeds, might know whether or not the land or property had been sold, and, if sold, who was the purchaser, so that he could redeem the same on the terms provided in the charter. The bill alleges that the deed of the tax-collector was not filed for record until the 3d day of December, 1888, though executed and delivered to the purchaser on the 2d day of August, 1887, and the complainant had no notice of said sale and conveyance until after the registration of said deed, and that, within less than a year after the registration of said deed, he offered to redeem said real estate by tendering said taxes, damages, interest, etc., which was refused, by said Duncan; all of which the demurrer admits. I am satisfied that, under a proper construction of the charter, the failure of Lang, the purchaser of the property, to file his deed with the clerk for registration, has been such a neglect upon his part in complying with the requirements of the statute as to render the deed voidable under complainant's bill; but, under the charter, Duncan, who stands in the shoes of Lang, will be entitled to all the taxes, damages, interest, and costs he has paid,

either at the time of his purchase from Lang, or since resulting from the non-payment of the taxes on said lands. This is no hardship upon him, as he must be presumed to know that said deed had not been recorded as required by said charter. The result is that the demurrer will be overruled, and the defendants Lang and Duncan allowed 30 days in which to answer the bill as to this term.