PIKE *v.* RICHARDSON.

1. TAXATION—SALE—REDEMPTION—CONSTRUCTION OF STATUTES.
    Statutes providing for redemption from tax sales should be con-
    strued liberally in favor of the landowner.

2. SAME—SERVICE OF NOTICE ON LANDOWNER—SHERIFF'S RETURN.
    1 Comp. Laws, § 3959, provides that no writ of assistance for
    the possession of land acquired under tax proceedings shall
    issue until six months after there shall have been filed with
    the county clerk a return by the sheriff showing service of
    the prescribed notice upon the original landowner. 1 Comp.
    Laws, § 3960, provides that the landowner may redeem within
    six months after personal service of such notice. *Held*, that
    personal service is not complete until the filing of the return
    with the county clerk, and that redemption may be made
    within six months after that date.

Appeal from Cheboygan; Shepherd, J. Submitted Feb-
ruary 4, 1904. (Docket No. 209.) Decided April 26, 1904.

Bill by Mark M. Pike and Hamilton J. Butler against
Fred L. Richardson and Abbie Richardson to redeem from
a tax deed. From a decree for complainants, defendants
appeal. Affirmed.

*Frost & Sprague,* for complainants.

*C. S. Reilley* and *H. K. Gustin,* for defendants.

MONTGOMERY, J. Complainants are the original
owners of certain land in Cheboygan county, and file this
bill to redeem from the holders of a tax title. The defend-
ants, acting under section 140 of the tax law (1 Comp.
Laws, § 3959), caused the notice prescribed by that sec-
tion to be served in December, 1901, but the return of the
sheriff was held in the office of the defendants' attorney
until December, 1902. In the meantime, but after the
lapse of six months, complainants sought to redeem, but

were met with the claim that the time for redemption had expired. The case, therefore, involves a construction of sections 140 and 141 of the tax law.

Section 140 contains the following:

" No writ of assistance or other process for the possession of any land [acquired under tax proceedings] shall be issued until six months after there shall have been filed with the county clerk of the county where the land is situated a return by the sheriff of said county showing that he has made personal service, or until substituted service, as hereinafter provided, has been made," etc. .

Section 141 provides that the original owner—

" Shall be entitled to receive from the person so claiming under and by virtue of such tax deed, at any time within six months after the personal service of such notice, or the date of mailing said notice by registered letter, * * * * a reconveyance of such interest in such lands, * * * upon payment * * * of the amount paid upon such purchase, together with one hundred per cent. in addition thereto, and the lawful fees or costs for such personal service, * * * and the further sum of five dollars for each description." Act No. 204, Pub. Acts 1899.

The circuit judge held that these two sections should be construed together, and that, so construed, the time for redemption is coterminous with the period during which the holder of the tax title may not take action. It must be conceded that the statute is open to a different construction, and it is with some hesitation that we adopt that of the circuit judge. But on full consideration we are led to the conclusion that the legislative intent was that these two periods should be coterminous, and that, when personal service is referred to in section 141, a service completed by filing a return is intended. The statute may be so construed without doing violence to its terms, and we adopt it in the light of the rule that statutes providing for redemption are to be liberally construed in favor of the redemptioner. See Black, Tax Titles, §. 350. See, also, *West* v. *Duncan*, (C. C.) 42 Fed. 430; *Berthold* v. *Hoskins*, (C. C.) 38 Fed. 772.

The decree is affirmed, with costs.

MOORE, C. J., CARPENTER and HOOKER, JJ., concurred. GRANT, J., took no part in the decision.