ESCANABA TIMBER LAND CO. *v.* RUSCH.

1. Appeal and Error—Review—Questions Considered.
   This court on review confines its attention to the questions determined by the court below, and raised by counsel in the original brief, and does not consider questions raised for the first time on the oral argument and in the supplemental brief.

2. Taxation—Tax Sales—Redemption—Right—Proof of Title.
   Notice to a tax title purchaser by the register in chancery that the requisite amount to redeem his tax titles has been deposited with such register, together with the fact that the title of the person making the deposit, acquired subsequent to the publication of the notice to redeem, is of record, constitutes sufficient notification and proof of the depositor's right to a deed to require the tax title holder to execute the deed, without affirmative proof of the depositor's title, in the absence of a demand for such proof.

3. Same—Time to Redeem—Statute—Application.
   Where the return of proof of service by publication of a notice to redeem from tax sales was filed before Act No. 142, Pub. Acts 1905, took effect, the time to redeem began to run from the date of filing such return, and not from the date of the first publication as provided by the act.

Appeal from Gogebic; Cooper, J.    Submitted January 22, 1907.    (Docket No. 79.)    Decided March 26, 1907.

Bill by the Escanaba Timber Land Company against Albert H. Rusch to redeem certain land from tax sales. From a decree for complainant, defendant appeals. Affirmed.

*J. F. Carey*, for complainant.

*O. H. Reed*, for defendant.

Blair, J.    We adopt the memorandum opinion of the

circuit judge as a sufficient statement of the facts of this case and the questions involved, as follows:

"This is a bill to redeem from tax titles held by the defendant upon certain lands set forth and described in the bill of complaint. It appears that the defendant bought the land from the State for various years, and, after procuring his deeds, placed them on file, and proceeded to give the tax notice, as provided by the tax law of Michigan. The sheriff returned that he was unable to find the owners within the State of Michigan, or their address, so that the notice could be served by mail, and thereafter the defendant proceeded to give notice under the statute by publication. At the time of the purchase of the land by Albert H. Rusch, the defendant, the complainant did not own the land, but became the owner thereafter, and, within six months from the time of the filing of the proof of publication with the register of the tax notice, given as above specified, the complainant deposited with the register the amount necessary to redeem all of the land, together with one hundred per cent. additional, and costs, as provided by statute, and requested that the defendant execute a quitclaim deed. The register notified the defendant that such money was deposited with him, and requested him to furnish a quitclaim deed, but he refused to do so. The defendant contends that the right to redeem expired six months after the first publication of the tax notice. If his contention is correct in this, then at the time the money was deposited with the register the time to redeem had expired, as it was more than six months from the date of the first publication. I hold, however, that the time for redemption did not run until the return of proof of publication was filed, and that the redemption was made within six months from the time of such filing.

"I also find that the complainant is the owner of the fee of the land in question, and was properly entitled to redeem at the time it made the attempt to do so.

"The decree will therefore be entered requiring the defendant to execute a quitclaim deed of the lands in question to the complainant, and in default thereof that the decree shall operate as such deed."

Counsel for defendant and appellant states defendant's position in his original brief as follows:

" (1) That in the aosence of any affirmative showing to the defendant that the complainant company had acquired the right, title, and interest of the original owners, Charles Latimer and William H. McCurdy, the defendant owed no such obligation to the complainant company during the six months subsequent to April 13, 1905.

" (2) That because of these lands being vacant and unoccupied and no writs of assistance being necessary to put the tax purchaser in possession, the six months period began to run from July 16, 1904, the date of the first publication of the tax notice. Act No. 142, Pub. Acts 1905."

We shall therefore confine our attention to the two questions determined by the court and raised by counsel in the original brief, and shall not consider questions apparently raised for the first time on oral argument and in the supplemental brief.

1. By stipulation of the parties, it was agreed that complainant had acquired the original title to the lands in question at the time it sought to redeem, although it was not the owner of such title at the time of the first publication of the notice. As stated by counsel in the brief for defendant:

" The contention is not urged that the complainant is not under any circumstances entitled to a reconveyance, but the contention is urged that any party who acquires the rights of another party upon whom notice is served, and subsequent to the time when service is made, is bound to affirmatively show to the tax purchaser that he has such rights, otherwise there is absolutely no protection to the last tax purchaser."

We think that the notice to defendant by the register in chancery that the requisite amount to redeem his tax titles had been deposited with such register, together with the fact that complainant's title was of record, constituted sufficient notification and proof of complainant's right to a deed to require defendant to execute the deed, without affirmative proof of complainant's title, at least, in the absence of a demand for such proof.

2. The circuit judge correctly held that the time for redemption did not begin to run until the return of proof of

publication was filed, unless such ruling is rendered incorrect by the amendment of section 142 by Act No. 142 of the Public Acts of 1905. *Pike* v. *Richardson*, 136 Mich. 414. Act No. 142 of the Public Acts of 1905 was approved and took effect May 25, 1905. The return of proof of service by publication was filed with the county clerk April 13, 1905, and fixed the beginning of the period of redemption under our decision above cited. We think it manifest that Act No. 142 was not intended to apply to such a case.

The decree is affirmed, with costs to complainant.

CARPENTER, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.