## HOLMES v. LOUD.

1. TAXATION — TAX TITLES — REDEMPTION — PERSONS ENTITLED —
   WAIVER BY TAX TITLE HOLDER.
   By accepting from the holder of the original title to lands the
   amount of the tax, together with the 100 per cent. and costs,
   and deeding the land to him, a tax title holder waives his
   right to raise the question whether the holder had a right to
   redeem on account of the deeds under which he claims not
   being recorded.

2. ASSIGNMENTS — RIGHTS ASSIGNABLE — ACTION FOR TRESPASS —
   TREBLE DAMAGES.
   The right of action for treble damages for cutting timber, given
   by section 11204, 3 Comp. Laws, arises from an injury to the
   estate, and not to the person; of the owner, and would pass
   to the personal representative of a deceased owner, and is
   therefore assignable.

3. TAXATION — TAX TITLE — REDEMPTION — TIME — EXPIRATION OF
   PERIOD — SERVICE OF NOTICE.
   Sections 140, 141, and 142 of the general tax law (1 Comp.
   Laws, §§ 3959, 3960, 3961) are to be construed together, and
   the periods of six months mentioned in each of them are co-
   terminous, whence it follows that under section 142 a tax title
   purchaser is not entitled to possession until six months after
   the *return* of service of the notice to redeem provided by sec-
   tion 140, and a purchaser entering before the expiration of
   that period is a trespasser.

4. TRIAL — ARGUMENT OF COUNSEL — PREJUDICE.
   Where plaintiff's counsel, in his argument to the jury, com-
   mented upon the wealth, character, and influence of defend-
   ants, charged witnesses with holding appointments secured
   by defendants and with being under defendants' influence
   and not daring to testify against them, charged defendants
   and their employés with coercing a witness with a political
   job to win, and made many other statements of a like char-
   acter, the judgment will be reversed.

Error to Alpena; Emerick, J.  Submitted October 19,
1906.  (Docket No. 103.)  Decided September 20, 1907.

Trespass quare clausum fregit by George B. Holmes and John Nicholson, copartners as Holmes & Nicholson, against Henry N. Loud, George A. Loud, and Edward F. Loud, copartners as H. M. Loud's Sons Company. There was judgment for plaintiffs, and defendants bring error.    Reversed.

*De Vere Hall*, for appellants.

*Joseph H. Cobb*, for appellees.

McAlvay, C. J.   Plaintiffs sued defendants in the circuit court of Iosco county to recover damages for injury to the freehold of certain lands asserted to be owned by them, such injury having been caused by defendants wrongfully entering upon said lands and cutting down and carrying away the timber standing thereon.    Plaintiffs declared in trespass upon section 11204, 3 Comp. Laws, which provides for the recovery of treble damages. By stipulation the case was transferred to and tried in Alpena county.   A verdict was rendered in favor of plaintiffs for $3,461.60.   Certain special questions were answered by the jury, by which it was determined that a judgment for treble damages could not be entered, and judgment was duly entered for the amount above given, assessed by the jury.

Upon the errors assigned by defendants, the first proposition discussed is that plaintiffs could not maintain this action, for the reason that at the time the alleged trespass and injury were committed they had no such title to the premises, or right under the assignment of right of action, as would entitle them to a recovery.

The claim of plaintiffs to the title of these lands was the original title from the United States through regular transfer to Jonathan L. Clutton, and by conveyances from Clutton to Hannah Vaughn, February 9, 1899; from Hannah Vaughn to Fred P. Obenauer October 22, 1902; from defendant H. N. Loud to Obenauer February 10, 1903; from Obenauer and wife to plaintiffs November

30, 1903. Plaintiffs, also had a bill of sale from Obenauer dated October 2, 1902 (claimed by Obenauer in his testimony this date was an error and should be October 22), of all standing timber on said lands removed prior to April 1, 1906, and also an assignment of all right of action to recover for the timber cut and removed by defendants, and for all damage to the freehold committed by them, dated December 16, 1903.

Defendants, for their right to enter and take timber from the land, relied solely upon a purchase from the State, represented by a tax deed, claiming that due notice had been served upon Jonathan L. Clutton, the holder of the last recorded title, on July 25, 1902, and that the statutory six months in which he could redeem expired January 25, 1903. The record shows that the sheriff's return of such service was duly filed August 23, 1902. The jury, in answer to a special question, found that defendants cut the timber between January 25, 1903, and February 10, 1903.

Plaintiffs in their declaration set up the assignment of the right of action relied upon. This suit was commenced February 1, 1904. The court held that there was no evidence in the case disputing the proofs of plaintiffs that Obenauer acquired the original title from Hannah Vaughn, the grantee of Clutton, October 22, 1902. The record supports such holding. None of the conveyances to plaintiffs were claimed by them to have been recorded, except the deed from Clutton to Hannah Vaughn, which, on May 12, 1900, at 6 o'clock p. m., was received and entered for record by the register of deeds for Montmorency county, and such receipt indorsed upon the instrument, but the same was not recorded in the books.

To the objection of defendants that, as the law then was, Clutton alone could redeem, the trial judge properly held that by accepting from Obenauer, who in fact was the holder of the original title at the time, the amount of the tax, together with the 100 per cent. and costs, on February 9, 1903, and deeding the land to him on the next

day, defendants had waived all right to raise any question as to the regularity of the redemption, and he further held that the time of redemption did not expire until six months after the sheriff's return of service of the statutory notice had been filed. This was in accord with the holding of this court. *Pike* v. *Richardson*, 136 Mich. 414.

The assignment of the right of action is not attacked as to its form or substance, nor is it contended that a right of action for injury to one's estate is not assignable; but, that this action is to recover damages which are punitory or exemplary, and the right of action would not pass to the personal representatives of a deceased owner, and is therefore not assignable. We do not agree with the defendants. The injury, if any, was to the estate and not to the person of the owner, and would pass to the personal representatives of a deceased owner. The cause of action was assignable. *Gates* v. *Comstock*, 107 Mich. 546, citing *Final* v. *Backus*, 18 Mich. 218, 231, and *Grant* v. *Smith*, 26 Mich. 201.

Referring to the dates of service of notice and the filing of the return of the sheriff, it appears that the time of redemption would expire February 23, not January 25, 1903. It also appears that defendants entered upon the land January 26, and cut and removed timber until February 10, when they deeded to Obenauer, who had paid the amount required by law to redeem. Defendants, urge that, under the law, section 142 (1 Comp. Laws, § 3961), they were entitled to possession of the land upon the expiration of six months after the *service* of the notice.

This court has construed sections 140 and 141 of the general tax law (1 Comp. Laws, §§ 3959, 3960), holding:

"That these two sections should be construed together, and that, so construed, the time for redemption is coterminous with the period during which the holder of the tax title may not take action. * * * And that, when personal

service is referred to in section 141, a service completed by filing a return is intended." *Pike* v. *Richardson*, 136 Mich. 414.

The provisions of these two sections are set forth at length in the opinion in that case. Briefly quoting from them, we find that section 140 provides:

" No writ of assistance * * * shall be issued until six months after there shall have been filed with the county clerk of the county where the land is situated a return by the sheriff of said county, showing that he has made personal service, or until substituted service * * * has been made," etc.

Section 141 provides that the person who may redeem—

" Shall be entitled to receive from the person so claiming under and by virtue of such tax deed, at any time within six months after the personal service of such notice, or the date of mailing said notice by registered letter, * * * a reconveyance of such interest in such lands," etc.

Section 142, relied upon by defendants to support their entry upon the land, provides:

" No purchaser under any tax sale hereafter made, * * * shall enter into possession of the land so purchased until six months after he has given notice to the party or parties in interest as provided for in the preceding sections."

By its terms the construction of this section depends upon the construction already given to the preceding sections in *Pike* v. *Richardson*, supra.

Such construction gives harmony to the operation of the provisions of all of these sections, and gives expression to the clear legislative intent that the periods of six months mentioned in each of them should be coterminous. Under this construction defendants were trespassers. *Corrigan* v. *Hinkley*, 125 Mich. 125; *Huron Land Co.* v. *Robarge*, 128 Mich. 686; *Adkin* v. *Pillen*, 136 Mich. 682;

*Griffin* v. *Kennedy*, 148 Mich. 583.    The court therefore
was not in error in holding that plaintiffs were entitled to
recover and that the only question for the jury was to
find the amount of the damages sustained by plaintiffs.

The questions raised upon errors assigned upon the
admission or exclusion of evidence bearing upon the ques-
tion of damages, in view of the fact that a new trial will
be granted, need not be discussed.    If error in this regard
has occurred (which we do not concede) there is no proba-
bility that it will be repeated upon a new trial.

During the pendency of this case before this court,
application was made by defendants to amend the bill of
exceptions in order to show the prejudicial argument of
plaintiffs' counsel on the trial of the case.    The court made
an order that the argument be printed as part of the bill of
exceptions.    The portions objected and excepted to cover
too much space to be repeated.    During the course of the
trial the court cautioned plaintiffs' counsel as to making
improper remarks, saying that he would let attorneys of
experience take the consequences of such conduct, and that
he would not attempt to cure such rank errors and save
verdicts.    Counsel did not profit by this caution, but in
the argument to the jury went to an extreme, in the
language used, which this court in its decisions has said
cannot and will not be tolerated.    This argument seems
to have been purposely made to improperly influence the
jury.    The wealth, character, and influence of defendants
were commented upon.    Witnesses were charged as being
under defendants' influence and not daring to testify
against them.    Witnesses were charged with holding
appointments secured by defendants and therefore their
testimony was unreliable.    Defendants and their em-
ployés were charged with coercing a witness to do certain
things with a political job to win.    Many other state-
ments were made of like character, grossly prejudicial to
defendants.    It is unnecessary to cite the cases where this
court has held that such arguments constitute reversible

error. All of these comments were uncalled for, and entirely outside of any evidence in the case.

The case is reversed on account of such prejudicial arguments, and a new trial is granted.

CARPENTER, GRANT, BLAIR, and MOORE, JJ., concurred.