HEETHUIS *v.* KERR.

1. TAXATION — REDEMPTION — NOTICE — PERSONS ENTITLED TO BE NOTIFIED.

   The purchaser of a tax interest in real property whose deed has not been placed on record, is not entitled to notice under the statutory provisions for redemption of Act No. 229, Pub. Acts 1897, as amended by Act No. 142, Pub. Acts 1905 (1 How. Stat. [2d Ed.] §§ 1911-1914), to cut off his right of redemption from a subsequent purchase of lands delinquent for taxes.

2. SAME—NOTICE TO REDEEM.

   The fact that a purchaser of such tax title served a defective notice on the persons who were entitled to be notified would not entitle the holder of an unrecorded tax deed, who was not in possession of the premises conveyed, to redeem: he could not complain of any defects in the notice served on the owners of record.

   BIRD and KUHN, JJ., dissenting.

Appeal from Muskegon; Sullivan, J. Submitted April 21, 1913. (Docket No. 105.) Decided June 1, 1914. Rehearing denied July 25, 1914.

Bill by Jacob Heethuis against William F. Kerr, Antha D. Keys and others to quiet title to real property. From a decree for complainant, defendant Keys appeals. Affirmed.

*Cross, Vanderwerp, Foote & Ross,* for complainant.

*F. E. De Camp (Albert De Camp,* of counsel), for defendant Keys.

OSTRANDER, J. Complainant has acquired the title of the State to certain premises in tax proceedings. The title which the State held is not, and apparently cannot be, successfully attacked by any one. Complainant undertook to give, and did give, to all per-

sons entitled thereto, personally or by publication, notice of his having acquired the title and of the sum necessary to be paid to secure a conveyance from him. No one who was entitled to the notice is complaining about it. The appellant, who was not one of the class entitled to notice, who was not in possession of the land, but who asserted an interest in the premises, an interest cut off by the State's title, was made a party defendant by complainant's bill to quiet his title. She complains that the notice complainant gave was in various respects informal and not in compliance with governing law. The assignments of the failures to comply with the law in giving notice are several and raise various questions besides the one discussed in the opinion of Mr. Justice BIRD. I am of opinion that appellant cannot take advantage of any infirmities in the method of giving the notices. The case is not like *White* v. *Shaw,* 150 Mich. 270 (114 N. W. 210), in which a cotenant entitled to notice was permitted to assert failure to serve a notice upon his cotenant's executor, who was also entitled to notice. It was held that the tax title owner cannot proceed by piecemeal to cut off the right of redemption of each part owner, and that, until he had served notice upon all who were entitled thereto, the right to redeem continued in all. In the case at bar, as has been pointed out, the appellant was not one of the class entitled to notice, nor a cotenant with any one entitled to notice. If it is held that complainant is unlawfully in possession of the land, must again give notice and accept a sum certain for a reconveyance, appellant may be greatly benefited, and the complainant greatly injured. It appears that appellant's title is evidenced by tax deeds for taxes for the years 1901 and 1902. Complainant acquired the title for taxes for the year 1903. Appellant did not record her deeds. Complainant, since acquiring his title, has paid taxes, has built two houses on the premises, and made other improvements. The ap-

pellant December 23, 1911, deposited with the register in chancery of Muskegon county $96.21 to obtain a reconveyance from complainant. Of this fact the register notified the complainant. The bill in this cause was filed January 4, 1912. It is therefore apparent that no equitable considerations favor appellant.

The decree will be affirmed.

McALVAY, C. J., and BROOKE, STONE, MOORE, and STEERE, JJ., concurred with OSTRANDER, J.

BIRD, J. (dissenting). In May, 1906, the complainant purchased lot 1, block 264, in the city of Muskegon, at a tax sale, for the delinquent taxes of 1903. He afterwards received a deed therefor from the auditor general, and gave the statutory notice to terminate the period of redemption to all of the defendants save appellant, whose tax deed was not at that time of record. He then filed this bill to quiet his title thereto.

The appellant contends that complainant is not entitled to the relief prayed, because the statutory notice served upon the other defendants was defective, and several defects therein are pointed out, chief of which is because the notice stated that they would be entitled to a reconveyance upon payment of the sum named therein, at any time within six months after the service of the notice, instead of any time within six months after the return of service of the notice. The notice prescribed by Act No. 229 of the Public Acts of 1897 provided that the owner and mortgagee of the premises should be advised as to the time in which they could redeem, as follows:

"That you are entitled to a reconveyance thereof at any time within six months after service upon you of this notice."

This part of the notice was later amended by Act No. 142 of the Public Acts of 1905, to read:

"That you are entitled to a reconveyance thereof, at any time within six months after return of service of this notice."

The notice served upon defendant was in form a compliance with the law of 1897, although it was served after the amendment took effect, and we are now asked to hold that such notice is valid. Doubtless the effect intended by the amendment was to lengthen the time for redemption, as more or less time usually elapses after service and before return is made, but in fact it did not have that effect, as this court had already construed Act No. 229, holding that the period of limitation did not commence to run until the return was made and filed. *Pike* v. *Richardson*, 136 Mich. 414 (99 N. W. 398). We recognize, however, the importance of this notice to those interested in the title to real property, and it was evidently the intention of the legislature, not only that such persons should be advised, but correctly advised as to the time when their rights would expire by limitation. This is made manifest by the fact that the legislature itself prescribed the form of the notice to be given. The question is therefore presented whether we shall hold that the form of the notice prescribed by the Public Acts of 1897, aided by a construction thereof by this court, is equivalent to a notice in accordance with the amended form prescribed by the Public Acts of 1905. If we hold that it is, then a landowner could be served with a notice which would clearly mislead him as to the time in which he could redeem, unless he happened to have knowledge of the construction this court has placed thereon. We are of the opinion that the purpose of this legislation will be better conserved by holding that the form of the notice prescribed by the statute should be strictly followed, and that a failure in this respect will invalidate the notice. Having reached this conclusion, it

The decree should be reversed, and the bill dismissed, with costs of this court to defendant. will be unnecessary to consider the other assignments of error.

KUHN, J., concurred with BIRD, J.