CLOSSER *v.* REMLEY.

1. TAXATION—REDEMPTION—NOTICE—SUFFICIENCY.

Where the notice of redemption served on the owner by the purchaser of a tax title gave the owner six months after service of notice in which to redeem, while the act in force at the time (Act No. 142, Pub. Acts 1905, 1 Comp. Laws 1915, § 4138) provided for six months after return of service, said notice was insufficient; statutes providing for redemption being liberally construed in favor of the redemptioner.[1] STONE and OSTRANDER, JJ., dissenting.

2. ADVERSE POSSESSION—TAXATION—NOTICE.

The purchaser of a tax title from the State, having failed to acquire any right to possession under his purchase because of failure to serve the statutory notice of redemeption upon the owner, and any possession he had prior to the sale to the State being cut off by said sale, acquired no rights under adverse possession.

Appeal from Alpena; Emerick, J. Submitted October 20, 1916. (Docket No. 133.) Decided March 30, 1917.

Bill by Lenore D. Closser against Louis Remley to remove a cloud from the title of said plaintiff to certain real property. Dayton W. Closser was substituted as plaintiff upon the death of said Lenore D. Closser. From a decree for plaintiff, defendant appeals. Affirmed.

*Henry & Henry,* for appellant.

*Dayton W. Closser,* for appellee.

BROOKE, J. The bill in this case is filed for the purpose of securing the redemption of a 40-acre tract

_____

[1] On the question of who is entitled to notice to redeem from tax sale, see comprehensive note in 44 L. R. A. (N. S.) 666.

of land in Alpena county. The land was sold for the taxes of 1900, 1901, 1902, 1903, and 1904. These titles were purchased by the defendant subsequent to July 1, 1905, and he secured a deed from the State on April 13, 1906. On May 8, 1906, he served a tax notice upon Mary Golling, who was at that time the last owner of record in the original chain of title. The notice contained the following language:

"You are entitled to a reconveyance thereof at any time within six months after service upon you of this notice."

Return of service of this notice was made by the sheriff on May 18, 1906, ten days after the date of service. The form of the notice served was that provided in Act No. 236, Pub. Acts 1903. This act was amended by Act No. 142, Pub. Acts 1905, and the form provided by said amended act so far as time of redemption is concerned reads as follows (1 Comp. Laws 1915, § 4138):

"You are entitled to a reconveyance thereof, at any time within six months after return of service."

Mary Golling never offered to redeem, but conveyed the land in question in 1909 to plaintiff's grantor, who later conveyed to him. Plaintiff, after he secured the title of Mary Golling, tendered the requisite amount for redemption to defendant, but defendant refused to execute a conveyance of his interest, whereupon plaintiff filed his bill.

The first question for determination is as to the sufficiency of the notice served. It was held insufficient by the learned circuit judge who made a decree granting to the plaintiff the relief sought. This question was under consideration by this court in the case of *Heethuis* v. *Kerr,* 180 Mich. 520 (147 N. W. 584). The same infirmity was there urged against the notice as is relied upon by the plaintiff in the case at bar. The majority of the court, being of the opinion that

the appellant was not one of the persons entitled to the statutory notice, did not pass upon its sufficiency. In a minority opinion, however, written by Mr. Justice BIRD, the question is considered, and he reached the conclusion that the notice there in question was fatally defective for the reason that such notice would have a tendency to mislead the owner of the record title as to the exact time within which redemption might be effected. While the conclusion reached by Justice BIRD is not, as claimed by the plaintiff, controlling, because it was, according to the view of the majority, unnecessary to a determination of the case then under consideration, his reasoning, if sound, should be followed. Statutes providing for redemption are to be liberally construed in favor of the redemptioner. *Pike* v. *Richardson,* 136 Mich. 414 (99 N. W. 398). We think the notice bad for the reason assigned.

Defendant filed a cross-bill under oath where it is alleged:

"Defendant alleges that he and his grantors have been in possession of said premises for a period of more than 15 years prior to the time the bill of complaint was filed in this cause, and that such possession has been continuous, hostile, open, and notorious, and such a possession as would and does give to this defendant a title to said land by adverse possession."

Plaintiff, answering this averment, says:

"Complainant neither admits nor denies the allegation of adverse possession in said paragraph contained, denying, however, that defendant took possession of said land and held the same as in said paragraph alleged, 15 years prior to his purchase of the said tax title on said land from the State of Michigan, and avers that said defendant is estopped and barred from setting up a claim of title based upon such adverse possession for two reasons:

"*First*, because on the 8th day of May, 1906, at a time when he had not held such adverse possession

15 years, he caused to be served on Mrs. John Golling —*i. e.*, Mary Golling—the then owner of the land, a notice of which Exhibit A, attached to the bill of complaint, is a true copy, which said notice was not in the form required by law, but which nevertheless correctly described the land in question and included therein the following statement on which Mary Golling and her grantees had a right to rely, to wit: 'If payment as aforesaid is not made, the undersigned will institute proceedings for the possession of the land.'

"*Second*, because said land was lawfully bid in by the State of Michigan for taxes of 1900 at the annual tax sale of 1903, and became and was the absolute property of the State of Michigan as State tax land, being so held by the State of Michigan until the purchase from the State of Michigan by the said defendant some time subsequent to July 1, 1905, and that the said defendant could not hold possession adverse to the State of Michigan, nor gain any rights by possession so held while the title was in the State of Michigan, any title which he may have gained prior to sale to the State by adverse possession or otherwise being cut off and extinguished by the said sale to the State aforesaid."

Evidence introduced at the hearing on behalf of plaintiff tended to show that the 40 acres in question was unoccupied, uninclosed, wild land at the time of the hearing, and no testimony was introduced on behalf of defendant to the contrary. It was held in *Griffin* v. *Kennedy*, 148 Mich. 583 (112 N. W. 756), that:

"After the expiration of his right to redeem from a regularly conducted sale at which the State has purchased—and that is the case with the land in question —it (the State) owns and can dispose of the land as it pleases; and this is true though the former owner of the land continues in possession, for he is in possession without the right of possession."

If the owner of the record title in possession is cut off by a sale of the estate, it is clear that a mere tres-

passer can acquire no rights to possession which survive such sale. Subsequent to the sale the defendant acquired no right to possession because of his failure to serve the statutory tax notice. *Powell* v. *Pierce,* 168 Mich. 427 (134 N. W. 447), and cases cited.

The decree is affirmed.

KUHN, C. J., and BIRD, MOORE, and STEERE, JJ., concurred with BROOKE, J.

OSTRANDER, J. (*dissenting*). It was held in *Pike* v. *Richardson,* 136 Mich. 414 (99 N. W. 398), that the personal service of notice provided for in the tax law then in force was a service completed by filing a return; that the period for redemption after notice began when return of service of the notice was made. In other words, it found that the legal effect of the notice under the law then in force and in the form then provided by the law was precisely the effect indicated in the form introduced into the law by the amendment of 1905. The legal effect of the notice given in the case at bar was precisely the same as if the form of notice had corresponded with the amended law. How can it be said, then, that the law was not complied with by the giving of the notice? One form of notice promises and secures the same rights as the other. In my opinion, the notice was good, and the decree should be reversed.

STONE, J., concurred with OSTRANDER, J. PERSON, J., did not sit.