## McKAY v. GARDNER.

ADVERSE POSSESSION—SUFFICIENCY OF TITLE.

> Where, on the death of the owner of premises, one of the heirs, without objection from the others, takes possession under a claim of ownership, and holds the same adversely for the statutory period, a deed from him will vest a good title in the grantee.

Error to Saginaw; Wilber, J. Submitted April 18, 1899. Decided May 23, 1899.

Ejectment by McIntosh McKay against Edward Gardner and wife. From a judgment for defendants on verdict directed by the court, plaintiff brings error. Reversed.

*John F. O'Keefe*, for appellant.

*Lamson & Denfeld* (*F. Brucker*, of counsel), for appellees.

MOORE, J. Plaintiff brought ejectment to recover 4.52 acres of land, which he claims to own as part of lot 10 on the S. W. ¼ of section 34, in township 11 N., range 4 E. Defendants claim the land is part of the W. ½ of said section 34, and they also claim that, if it is not, they are the owners of it by adverse possession. The circuit judge directed a verdict in favor of defendants upon the ground that plaintiff had shown neither record title nor title by adverse possession.

A reference to the government plat will simplify the situation. The plat was drawn from a survey made in 1822. It shows the land in dispute was a part of lot 10, and was not a part of lots 5 and 11, as platted by the government. In August, 1837, the government issued a patent to John McKenzie, of Saginaw county, Mich., of "the northeast part (number ten) of the southwest fractional quarter of section thirty-four."

It was the claim of plaintiff that John McKenzie went into possession of this land shortly after he obtained his patent, and he and those representing him, either as tenant or heir, continued in possession of the disputed tract until within seven or eight years; that plaintiff succeeded to that title by a warranty deed from John McKenzie and his wife, of Genesee county, Mich., dated March 9, 1896. The last-named John McKenzie was the nephew of the John McKenzie named in the patent from the general government. It is the claim of plaintiff that John McKenzie, the uncle, died nearly 50 years ago, leaving neither father, mother, brother, nor sister; that John

McKenzie, the nephew, furnished some money which was applied on the purchase of the land when it was bought, and that, after his uncle's death, he, without objection upon the part of the other nephews and nieces, took possession of the land, claiming to own it, and had possession of it for more than 40 years before he made the deed to plaintiff.

Testimony was introduced tending to show the truth of the above claim. It was contended by defendants the above claim was untrue, and that defendants or their predecessors had been in possession for so long they had gained title by adverse possession.

We think the judge erred in taking the case from the jury. The record does not disclose a deed from the uncle, John McKenzie, to his nephew, and in that sense it is true the plaintiff has not shown record title in himself; but if it be true, as contended by plaintiff, that the nephew went into possession of the lands, and held them adversely long enough to acquire title to them, he could convey that title to plaintiff by deed, and the plaintiff would have a good title thereto, unless the defendants had held possession of the premises long enough to acquire title by adverse possession. It was a disputed question who had been in possession of the premises at different times, and the length of time the several parties were in possession. These questions should have been submitted to the jury under proper instructions.

Judgment reversed, and new trial ordered.

The other Justices concurred.