CORRIGAN *v.* HINKLEY.

CORRIGAN *v.* DAVIS.

TAX SALES—VACATION—COMPENSATION FOR IMPROVEMENTS.

> Under section 142 of Act No. 229, Pub. Acts 1897, providing that no purchaser under any tax sale shall enter into possession of the land purchased until six months after notice to the parties in interest, a purchaser taking possession without giving such notice cannot, in a proceeding to vacate the decree under which he purchased, recover the purchase price, or the amount of taxes subsequently paid, or the value of his improvements made upon the land.

Appeals from Ogemaw; Sharpe, J.    Submitted October 12, 1900.    Decided October 31, 1900.

Petition by Michael Corrigan against Eugene Hinkley and Roscoe D. Dix, auditor general, and by Patrick Corrigan against Frank Davis and the auditor general, to vacate the decree in a tax proceeding.    From decrees dismissing the petitions, petitioners appeal.    Reversed.

*F. L. Snodgrass,* for petitioners.

*Ross & Harris,* for defendants.

HOOKER, J.    The only questions raised by the records in these cases are whether one who takes possession of lands sold for delinquent taxes, without giving the notice of six months required by law, can recover the purchase price, and the amount of taxes subsequently paid, and the value of improvements made upon the land during his occupancy, in a proceeding to vacate the decree under which he purchased; the circuit judge having required such payment as a condition precedent to the vacation of the decree.    The complainant has appealed.

Section 142, Act No. 229, Pub. Acts 1897, provides:

"No purchaser under any tax sale hereafter made, or of any State tax land or any State bid hereafter sold, shall enter into possession of the land so purchased until six months after he has given notice to the party or parties in interest as provided for in the preceding sections, unless he shall have acquired from said parties their title thereto, under conveyance from said party or parties of his or their interest in said land."

The defendant must be presumed to know the law, of which his deed gave him notice. He was a trespasser in entering upon these lands, and is not entitled to pay for his improvements. He had not even a colorable right of entry, as in the case of *Croskery* v. *Busch*, 116 Mich. 288 (74 N. W. 464). We must hold that section 104 of the tax law of 1893 (1 Comp. Laws 1897, § 3927) has no application to one who enters in violation of section 142 aforesaid.

The other questions are ruled by *Croskery* v. *Busch*, *supra*, both being discussed in that case.

The complainant is entitled to a decree in each case reversing that of the circuit judge, and vacating the tax decree as to said lands, in accordance with the prayer of his petition, with costs of both courts.

The other Justices concurred.