## COOK LAND, CONSTRUCTION & PRODUCING CO. *v.* McDONALD.

1. Adverse Possession—Statutes—Repeal—Effect.

   Defendant in 1899 purchased certain land from the State, his deed being "subject to the relevant conditions" imposed by Act No. 229, Pub. Acts 1897, as amended. He gave no notice as required by said act, but went into immediate possession. At the expiration of seven years, complainant tendered the amount required under the law, and demanded a reconveyance. It was conceded that the tax titles were void, but defendant refused to comply, claiming title by adverse possession under section 3896, 1 Comp. Laws. *Held,* that, as the provisions of the statute are inconsistent with each other, the later act repeals the earlier one, and that defendant cannot claim title by adverse possession, his entry being unlawful.

2. Taxation—Tax Titles—Improvements—Costs.

   A tax-title purchaser, who enters into possession of land in direct violation of the law under which he purchased, is not entitled to compensation for improvements. But an owner who, without objection, sits by and sees the improvements going on, is only entitled to what the law absolutely gives him, and will therefore not be awarded costs.

Appeal from Iron; Stone, J.   Submitted November 9, 1908.   (Docket No. 107.)   Decided December 21, 1908.

Bill by the Cook Land, Construction & Producing Company against Donald McDonald to compel a reconveyance of certain land acquired by tax title. From a decree for complainant, defendant appeals. Affirmed.

*Ball & Ball*, for complainant.

*A. L. Sawyer*, for defendant.

The complainant is the original owner by a patent from the United States of the 40 acres involved in this suit. It neglected to pay its taxes, and in 1893 one-quarter of the land was sold to the State for the delinquent taxes of 1889. In 1896 the entire parcel was sold for the delinquent taxes of 1894, and bid in by the State. These sales were made pursuant to the proper decrees of the court in chancery. The defendant purchased the land from the State on March 29, 1899, and obtained his deed therefor in April, 1899. This deed contains the following:

"Provided, however, that this indenture is subject to the relevant conditions imposed by Act No. 229 of the Public Acts of 1897, as amended."

Defendant gave no notice under that act, but went into possession immediately upon receiving his certificates of purchase, having been advised by an attorney that he had the right so to do. At the expiration of seven years, and before the commencement of this suit, complainant tendered to defendant the amount required to be paid under the provisions of Act No. 229, and demanded a reconveyance. This was refused, and thereupon complainant filed this bill to compel such reconveyance. The case was heard upon pleadings and proofs taken in open court. The established facts are conceded. The court entered a decree for the complainant, directing a reconveyance upon payment of the amount tendered.

GRANT, C. J. (*after stating the facts*). It is conceded that the tax titles are void. Defendant's title rests solely upon the adverse possession of more than five years un-

der section 73 of the general tax law (1 Comp. Laws, §
3896). Complainant insists that the statute of limitations
provided for in section 73 is repealed by Act No. 229,
Pub. Acts 1897, so far as titles conveyed by the State
thereafter are concerned. This view was adopted by the
court below. This is the principal question in the case,
and is before this court for the first time. Notwithstand-
ing the able argument of counsel for the defendant, we
think there is no doubt about the effect of Act No. 229.
While repeals by implication are not favored, and while
there is no express provision in that act repealing section
73, yet the two are so inconsistent as to limitations of ac-
tions thereunder that both cannot be sustained. Section
142, Act No. 229, expressly provides:

"No purchaser under any tax sale hereafter made, or
of any State tax land or any State bid hereafter sold,
shall enter into possession of the land so purchased until
six months after he has given notice to the party or parties
in interest as provided for in the preceding sections unless
he shall have acquired from said parties their title thereto
under conveyance from said party or parties of his or their
interest in said land."

Under section 73 the tax purchaser was entitled to
enter into possession of the land, and a hostile and ad-
verse possession for five years gave him title, regardless
of the validity of the deed under which he entered.
Section 142 takes away the right of entry and pro-
hibits his entering into the possession of the land un-
til he has given the notice required. This act expressly
relates to all future purchases, and not to past pur-
chases. As to future purchases, it is complete in itself.
It provides under what condition the tax-title pur-
chaser may enter into possession, and on what terms the
original owner may obtain a reconveyance of his land.
We held in *Corrigan* v. *Hinkley*, 125 Mich. 125, that
one who, after acquiring his tax deed, entered into the
possession of the land in violation of Act No. 229, was a
trespasser. Titles acquired under Act No. 229 are gov-

erned by that act, and titles acquired prior thereto are governed by section 73. It follows that the defendant's entry was unlawful, and that he has acquired no title by adverse possession under it. A question may arise whether section 73 governs a case where, after due service of a valid notice under section 140, and the failure of the owner of the fee to pay in compliance with it, the purchaser from the State has entered into peaceable possession of the land. Upon that question we express no opinion, as it is not involved in this case.

2. The defendant is not entitled to recover for his improvements. Under *Corrigan* v. *Hinkley*, supra, he was a trespasser, and was presumed to know the law. The very terms of his deed gave him notice that it was subject to the provisions of that act. He acted in direct violation of its terms, and must be content with what benefits he has obtained from the land during his occupancy. We in that case distinctly held that one entering into possession in contravention of the act could not recover for improvements. The defendant's occupancy was open, notorious, and hostile. He fenced 25 acres of the land immediately upon acquiring title. He built a house upon it which some four years afterwards was destroyed by fire. He cultivated and raised crops upon it. He seeded a part to grass, and has either harvested the crop himself or has sold it every year of his occupancy, and he has taken wood from the uninclosed part. He has kept up the fences. Under these circumstances, an owner who sits by and sees these improvements going on, and makes no objection thereto, is only entitled to what the law absolutely gives him.

Costs are in the discretion of the court, and the decree will be affirmed, without costs of this court.

OSTRANDER, HOOKER, MOORE, and McALVAY, JJ., concurred.