## McBRIDE v. CLOSSER.

1. TAXATION—TAX SALES—NOTICE TO REDEEM—SUFFICIENCY.

   Where a tax title purchaser went into possession without giving a notice to redeem that complied with the provisions of Act No. 229, Pub. Acts 1897 (1 Comp. Laws 1915, § 4138 *et seq.*), the notice given by him was void and of no effect, and he was a trespasser from the beginning, and therefore not entitled to recover for his improvements.

2. SAME—EQUITY—INJUNCTION—EJECTMENT BY OWNER.

   Said act, being a beneficent one, must be recognized by courts of equity as well as law, and therefore equity will not restrain ejectment brought by the owner.

3. SAME—FRAUDS, STATUTE OF—ORAL STATEMENTS OF OWNER—ESTOPPEL—WAIVER.

   Statutory proceedings which divest the owner of his property must substantially comply with the provisions of the statute, and where a tax-title buyer failed to give the statutory notice to redeem, his title was void, and the defect was not waived by oral statements of the owner that he did not intend to redeem, since the title to real estate does not rest in parol, and is not acquired or lost by casual conversations.

Appeal from Chippewa; Hart (Ray), J., presiding. Submitted October 9, 1919. (Docket No. 17.) Decided December 23, 1919.

Bill by James McBride against Dayton W. Closser to enjoin an action of ejectment and to quiet title. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*John W. Shine,* for plaintiff.

*Davidson & Hudson,* for defendant.

FELLOWS, J. The litigation between these parties concerning the premises here involved was before this court in *Closser* v. *McBride,* 182 Mich. 594. That was an action of ejectment brought by Mr. Closser against this plaintiff to recover the possession of these premises. Plaintiff here (defendant there) defended under certain tax proceedings. It was there held by this court, adopting the opinion of the trial judge, that the tax notice was void, that defendant there was but a trespasser and was not entitled to recover for improvements placed on the premises. After the *remittitur* from this court was filed, application for a second trial was made, which application was refused. In *McBride* v. *Chippewa Circuit Judge,* 202 Mich. 61, this court granted a writ of mandamus directed to the circuit judge requiring him to vacate such order, holding that the application for a new trial should have been granted. Subsequently this bill was filed to restrain the further prosecution of such ejectment suit and to quiet plaintiff's title to the premises. From a decree dismissing the bill on defendant's motion, plaintiff appeals.

It is here urged that this bill is maintainable upon the theory that plaintiff's title to the premises may be sustained upon equitable grounds, which equitable

grounds are not matters of defense upon the law side of the court in the ejectment suit. These equitable grounds are alleged to be that after plaintiff had received his tax deed from the auditor general, and had given a notice to the then owner of the premises, he endeavored to have such owner redeem from the tax sale; but that he was informed by the owner that the land was not worth the amount of the taxes and that he did not intend to redeem; that relying upon these statements he made certain improvements on the premises; that the owner was guilty of laches in not paying taxes for a great many years and that his grantee is now estopped from asserting title to the premises in question.

The cases most strenuously relied upon by plaintiff are *Olsen* v. *Williams,* 172 Mich. 316, 185 Mich. 294; *Rogers* v. *Davison,* 188 Mich. 519. In the *Olsen Case,* which was before this court on demurrer and later on the merits, the complainant had acquired title to tax homestead lands under the provisions of section 131, Act No. 206, Public Acts of 1893, as amended (1 Comp. Laws 1915, § 4130). He was in possession of the premises under a deed which at least purported to give him a right to possession. The bill was filed to restrain a multiplicity of suits. We held that, under the facts of that case, the defendant was guilty of such laches as precluded him from successfully controverting complainant's title. In the *Rogers Case* we held the tax notice was insufficient, that being the only question involved in the case. This court has also held that laches of the owner may preclude him from appealing to a court of equity for relief from irregular tax proceedings: *Beuthien* v. *Dillon,* 160 Mich. 396; *Clothier* v. *Miller,* 173 Mich. 530; *Owens* v. *Auditor General,* 147 Mich. 683. In each of these cases the owner sought by bill in equity to set aside and vacate decrees entered many years before in tax proceedings;

laches was held to preclude such relief. But in the instant case the plaintiff went into possession without giving a notice that complied with the provisions of Act No. 229, Public Acts of 1897 (1 Comp. Laws 1915, § 4138 *et seq.*) ; the notice given by him was void and of no effect. It was the same as though no notice was given. He was a trespasser from the beginning. The beneficent purpose of this act is well known to all. The act must be recognized as well by courts of equity as courts of law. A complete answer to the plaintiff's contention is found in the language of Chief Justice Grant, speaking for the court, in the case of *G. F. Sanborn Co.* v. *Alston,* 153 Mich. 456, where the same act was under consideration, and the same contention was made. We said:

"The act of 1897 was not designed to assist only those who had been diligent and free from fault. The failure to pay taxes is, in most cases, the result of negligence and involves laches. The statute covers all cases where the purchaser has acquired the tax title at the public sales or by purchase of the title acquired by the State. It was regarded as sufficient punishment to the original owner and sufficient compensation to the tax purchaser to require the owner to pay double the amount which the purchaser paid and certain other items. To sustain this contention on behalf of the defendants would result in rendering the act of 1897 inapplicable to a great majority of tax titles. It may well be conceded that the complainant in this case, which stands in the shoes of the original owners, does not deserve any consideration in a forum of equity. Courts of equity, however, as well as of law, must apply legislative enactments in accordance with the plain intent and language used by the legislature. The requirements of the act are not difficult to understand, and compliance therewith is easy. He who relies upon the notices required by the statute must show a substantial compliance therewith, regardless of any fault or laches of the original owner."

208—Mich.—26.

All the precedent tax proceedings may be regular and valid, but title in fee does not ripen, or right of possession accrue until there has been a substantial compliance with the provisions of this act. Statutory proceedings which divest the owner of his property must substantially comply with the provisions of the statute, and as title to real estate does not rest in parol, it is not acquired or lost by casual conversations.

Nor are we persuaded that plaintiff is entitled to recover the value of his improvements. He entered the premises without complying with the act in question. Under such circumstances he is a trespasser and is not entitled to recover for his improvements. *Corrigan* v. *Hinkley,* 125 Mich. 125; *Cook Land, etc., Co.* v. *McDonald,* 155 Mich. 175; *Closser* v. *McBride, supra.* In *Cook Land, etc., Co.* v. *McDonald, supra,* this court said:

"The defendant is not entitled to recover for his improvements. Under *Corrigan* v. *Hinkley, supra,* he was a trespasser, and was presumed to know the law. The very terms of his deed gave him notice that it was subject to the provisions of that act. He acted in direct violation of its terms, and must be content with what benefits he has obtained from the land during his occupancy. We in that case distinctly held that one entering into possession in contravention of the act could not recover for improvements."

It follows from what we have said that the decree appealed from must be affirmed. Defendant will recover costs of this court.

BIRD, C. J., and SHARPE, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.