## LAWSON *v.* BISHOP.

1. ADVERSE POSSESSION — LIMITATION OF ACTIONS — TAXATION — STATUTES.

Under 3 Comp. Laws 1915, § 12311, subds. 1, 2, providing that no action for the recovery of lands or the possession thereof shall be brought or maintained unless within the time limited therefor: (1) Within 5 years, where defendant claims title under a deed upon a sale by an executor, etc., (2) within 10 years, where he claims under a tax deed, it is incumbent on one who so claims, when his title is attacked, to offer in evidence his deed, prove his entry thereunder, and establish his adverse possession for the time fixed by the statute, in which case his entry must have been a lawful one to constitute a defense.

2. SAME—TRESPASSER—LAWFUL ENTRY UNNECESSARY.

   The right acquired under an adverse possession of 15 years, under 3 Comp. Laws 1915, § 12311, subd. 3, in no way depends upon the entry being lawful.

3. SAME—QUIETING TITLE.

   Although plaintiff in a suit to quiet title entered upon the land under a tax deed without giving the statutory notice to redeem required by 1 Comp. Laws 1915, §§ 4138-4140, and was therefore a trespasser, where he remained in possession for more than 15 years he acquired title by adverse possession under 3 Comp. Laws 1915, § 12311, subd. 3.

4. SAME — PLEADING — TAXATION — INCONSISTENT ALLEGATIONS — ESTOPPEL.

   Plaintiff's allegation of title in himself "for a period of more than 15 years theretofore, claiming under and by virtue of five certain tax deeds," in the first paragraph of his bill of complaint, did not estop him from claiming under the 15-year statute in the second paragraph, since his rights should be determined on his claim in the bill taken as a whole and his prayer for relief thereunder.

5. EQUITY—PLEADING — INCONSISTENT ALLEGATIONS — PRAYER FOR RELIEF.

   Inconsistent allegations in a bill of complaint will not be allowed to control so long as the prayer of the bill is sufficiently broad to admit of granting the relief to which plaintiff is properly entitled under his pleadings and proofs.

6. ADVERSE POSSESSION—TAX DEEDS—ADMISSIBILITY AS EVIDENCE.

   Although the tax deeds under which plaintiff entered were insufficient to convey title, and he in no way relied on them to prove possession, they were admissible to show the extent of his possession and also to fix the time of his entry.

7. EVIDENCE—JUDICIAL NOTICE—TAXATION.

   The court may take judicial notice that large tracts of land in the northern part of the State were permitted to be sold for delinquent taxes after the valuable timber had been removed therefrom.

   FELLOWS, BROOKE, and CLARK, JJ., dissenting.

Appeal from Oceana; Vanderwerp (John), J. Submitted October 5, 1920. (Docket No. 10.) Decided December 21, 1920.

Bill by Philip H. Lawson against John Bishop and others to quiet title to land. From a decree dismissing the bill, plaintiff appeals. Reversed, and decree entered for plaintiff.

*A. S. Hinds*, for plaintiff.

*Bishop & Kilpatrick* (*R. R. Weaver*, of counsel), for defendants.

CLARK, J. (*dissenting*). In September, 1900, plaintiff received from the auditor general a tax deed, taxes of 1885 and 1886, of N. E. ¼ of N. W. ¼, section 33, township 13 north, range 17 west, Michigan, and a tax deed, taxes of 1891-1894 of N. ½ of N. W. ¼, section 33, said township, and in December, 1901, three tax deeds, taxes of 1895-1897, respectively, of said 80-acre tract. Each deed contained the following proviso:

"Provided, however, that this indenture is subject to the relevant conditions imposed by Act No. 229 of the Public Acts of 1897."

The important part of the act is section 142 thereof (1 Comp. Laws 1915, § 4140):

"No purchaser under any tax sale hereafter made or of any State tax land or any State bid hereafter sold shall enter into possession of the land so purchased until six months after he has given notice to the party or parties in interest as provided for in the preceding sections unless he shall have acquired from said parties their title thereto under conveyance from said party or parties of his or their interest in said lands." * * *

No notice was given as provided by the statute.

The plaintiff took possession of the 80 acres in 1900, "as soon as he got his first deed," which possession was continuous by plaintiff and his tenants and for a short time by a grantee of plaintiff of a part of the land (in November, 1917), later reconveyed to plaintiff, to the time of commencing the suit, September, 1919. The defendant John Bishop on April 12, 1919, received by quitclaim deed of the 80 acres the title of the last holder thereof in the regular chain of title and in 1909 defendants John Bishop and Emma Bishop, his wife, received a quitclaim deed from Warren W. Britt, who, in April, 1904, received from the auditor general three tax deeds, one of the N. E. ¼ of N. W. ¼ of said section for taxes of 1881-1884, 1887, 1888, another of the N. W. ¼ of N. W. ¼ of said section for taxes of 1887-1889 and the other of the N. ½ of N. W. ¼ of said section for taxes of 1890. These deeds, under which defendants Bishop and wife claim, were recorded. In April, 1919, following the quitclaim deed first above mentioned, defendant John Bishop claimed to be the owner of the 80 acres in question, so advised plaintiff by letter, and caused a notice against trespassing to be posted on the land. Plaintiff in possession then filed his bill to quiet title, claiming to be the owner of the land under and by virtue of his tax deeds and also claiming by adverse possession under the general statute of limitations, 3 Comp. Laws 1915, § 12311.

Defendants Bishop and wife answered and denied that plaintiff had any right or title to the land and by cross-bill claimed title in themselves by reason of the aforesaid deeds, and asked that such title in them be quieted.

Defendant Williams was named as mortgagee in a mortgage made in 1866, appearing of record undischarged, covering the land in question, and defendant Gurney was the grantee in certain tax deeds covering

part of the land, recorded in 1901. After hearing the circuit judge filed an opinion from which we quote:

"The bill filed by the plaintiff claims title to the property and that he has been the owner thereof for a period of more than 15 years prior to the filing of the bill, claiming under and by virtue of five tax deeds covering the land in question.

"No notice was ever given under these deeds and the plaintiff went into possession immediately after securing the deeds. He claims, and the evidence fairly establishes, that he has been in continuous possession of this land ever since he went into possession thereof, which would be for a period exceeding 15 years from the commencement of such possession.

"The defendants claim that because the plaintiff went into possession under the tax deeds without giving notice, he was a trespasser and acquired no right to the land, nor was he entitled to go into the possession thereof, citing the cases of *Cook Land, etc., Co.* v. *McDonald,* 155 Mich. 175; *Corrigan* v. *Hinkley,* 125 Mich. 125; *Holmes* v. *Soule,* 180 Mich. 526; also *Huron Land Co.* v. *Robarge,* 128 Mich. 686.

"I am of the opinion that the defendants' claims with reference to this matter is correct, and that plaintiff is therefore not entitled to a decree, for the reasons stated."

Decree was entered dismissing the bill, and the cross-bill. Plaintiff has appealed.

By the briefs of counsel the important question presented is: Because of the above quoted section 4140, 1 Comp. Laws 1915, section 142, Act No. 229, Pub. Acts 1897, making entry into possession of the land by the purchaser under any tax sale or of any State tax land, or any State bid unlawful until six months after the required notice had been given, Is the plaintiff without right under the general statute of limitations, section 12311, 3 Comp. Laws 1915, chapter 9, judicature act of 1915, to claim any benefit of his possession for more than 15 years?

Plaintiff took possession of this land as a purchaser

under a tax sale, as a purchaser under the tax deeds, without giving the notice required by statute, sections 4138-4140, 1 Comp. Laws 1915. The possession was unlawful. It was forbidden by statute. The plaintiff is not aided by such possession, though continued beyond the statutory period.

In *Holmes* v. *Soule*, 180 Mich. at page 530, Justice OSTRANDER, speaking for the court, said:

"Defendants own the tax title and the land, subject to the right of complainant to redeem—a right which in law had not been extinguished because no proper notice to redeem has ever been given. Defendants are not aided, in law, by having occupied the land, if in fact they have occupied it (a fact not found by the trial court, and of which the testimony is not convincing), because they had no right to its possession. *Corrigan* v. *Hinkley*, 125 Mich. 125; *Huron Land Co.* v. *Robarge*, 128 Mich. 686; *Holmes* v. *Loud*, 149 Mich. 410; *Cook Land, etc., Co.* v. *McDonald*, 155 Mich. 175; *Morrison* v. *Semer*, 164 Mich. 208; *White* v. *Dunsmore*, 167 Mich. 542; *Powell* v. *Pierce*, 168 Mich. 427; *McRae* v. *Barber*, 171 Mich. 111."

See, also, *Closser* v. *Remley*, 195 Mich. 313; *McBride* v. *Closser*, 208 Mich. 398.

In *Cook Land, etc., Co.* v. *McDonald, supra,* decided December 21, 1908, it was held that the statute of limitations provided for in section 73 of the tax law, section 4070, 1 Comp. Laws 1915, had been repealed by Act No. 229, Pub. Acts 1897, section 142 of the tax law, section 4140, 1 Comp. Laws 1915. See, also, *Holmes* v. *Soule, supra.* In the later decisions above cited where reference is made to the statute of limitations as regards possession or adverse possession such reference must be held to be to the general statute, 3 Comp. Laws 1915, § 12311.

Whether the tax deeds to Britt are valid or invalid (see *Auditor General* v. *Clifford*, 143 Mich. 626) it is now unnecessary to determine, Britt having conveyed

to Bishop and wife. The defendants John Bishop and Emma Bishop, not having appealed, cannot be given here the relief prayed against the plaintiff, nor can they be relieved as against the other defendants.

The decree should be affirmed, with costs of this court to defendants John Bishop and Emma Bishop.

BROOKE and FELLOWS, JJ., concurred with CLARK, J.

SHARPE, J. I am unable to concur in the conclusion reached by Mr. Justice CLARK. While plaintiff alleges in the first paragraph of his bill of complaint that he had been the owner of said lands "for a period of more than 15 years theretofore, claiming under and by virtue of five certain tax deeds," in the second paragraph he claims that he has become such owner in fee simple by reason of his adverse possession thereof for more than 15 years. The trial judge found that

"the evidence fairly establishes that he (plaintiff) has been in continuous possession of this land ever since he went into possession thereof, which would be for a period exceeding 15 years from the commencement of such possession."

The question fairly presented is whether a purchaser under a tax deed who enters into possession without serving the notice of reconveyance required by the tax law can ever acquire a title thereto by adverse possession. If he cannot in 15 years, he cannot in 50.

The general statute of limitations (3 Comp. Laws 1915, § 12311) provides that no action for the recovery of lands or the possession thereof shall be brought or maintained unless within the time limited therefor: (1) within 5 years, where defendant claims title under a deed upon a sale by an executor, administrator, etc.; (2) within 10 years, where defendant claims under a tax deed; (3) within 15 years in all other cases, subject to the exceptions therein stated.

This statute shortens the time within which ouster

proceedings may be brought, where possessory rights have been acquired under a deed purporting to convey title. It follows that no such rights under the first and second subdivisions of the statute can be acquired by one who enters as a trespasser because the foundation on which his title by adverse possession rests is a lawful entry claiming title under a conveyance. It is incumbent on one who so claims, when his title is attacked, to offer in evidence his deed, prove his entry thereunder and establish his adverse possession for the time fixed by the statute.

The cases cited by Mr. Justice CLARK hold that section 142 of the tax law prohibits an entry under a tax deed, subject to its provisions, until the notice of reconveyance is given, and therefore the person so entering becomes a trespasser. If so, it is clear that he cannot be aided by such possession for, before he is entitled to make proof thereof, he must show a lawful entry under a tax deed.

It is these considerations which, in my opinion, caused this court to consider the claim made that the sections of the tax law limiting the time within which tax deeds and the possessory rights acquired thereunder could be assailed were repealed by the provisions of section 142. *St. Mary's Power Co.* v. *Water-Power Co.*, 133 Mich. 470; *Cook Land, etc., Co.* v. *Mc-Donald*, 155 Mich. 175; *Holmes* v. *Soule*, 180 Mich. 526; *Wolverine Land Co.* v. *Jerome*, 188 Mich. 66. These sections are certainly rendered inoperative where the entry is made before possession can lawfully be taken, because such entry being prohibited and unlawful no possessory title can be predicated thereon. Such provisions may, however, apply when other objections are urged to the validity of the tax deed.

The right acquired under an adverse possession of 15 years in no way depends upon the entry being law-

ful.   A trespasser may acquire such a right. · The entry made by plaintiff was a trespass, hostile to the rights of the defendant, who was chargeable with notice thereof and who might have ejected plaintiff at any time before the 15 years had expired.   He was not lulled into inaction by any conduct of plaintiff or by any acknowledgment that plaintiff was holding under him.   As was said in *Bower* v. *Earl,* 18 Mich. 367 :·

"The acquiescence which will prevent the running of the statute must be that of the possessor in the owner's claim, and not that of the owner in a possession not acknowledged to be held under him.   Acquiescence, which is merely inaction, is the very thing which the statute contemplates as creating the limitation which cuts off the right."

Many titles are based on "squatter's rights," which after the statutory period ripen into perfect titles. Such a possession, whether with or without color of title, confers an indefeasible title in fee.   *Barnard* v. *Brown,* 112 Mich. 452; *McKay* v. *Gardner,* 120 Mich. 267.   The title thus acquired is not that of the original owner, but a new title by which the rights of all others claiming any interest in the land have been extinguished.

I am not impressed that, because the plaintiff alleged title in himself "for a period of more than 15 years theretofore, claiming under and by virtue of five certain tax deeds," in the first paragraph of his bill of complaint, he is now estopped from claiming under the 15-year statute as he does in the second paragraph.   His rights should be determined on his claim in the bill of complaint taken as a whole.   The prayer for relief asks—

"That the legal title which your orator has acquired * * * by virtue of the operation of the statute of limitations, in his favor on account of his adverse pos-

session and claim of title to said premises for the statutory period, may be declared by the decree * * * to constitute your orator the full and absolute owner of the said premises * * * in fee simple."

In *Taylor* v. *Young*, 56 Mich. 285, 291, in speaking of inconsistent allegations in a bill of complaint, it is said:

"But these statements will not be allowed to control in a case like this, so long as the prayer of the bill is sufficiently broad to admit of granting the relief to which complainant is properly entitled under her pleadings and proofs."

I am satisfied from the record that the plaintiff has established a perfect title by adverse possession for more than 15 years. His possessory rights are not to be determined by the fact that his original entry was made under the tax deeds. He was not required to, in any way, rely on these deeds to prove such possession. Although insufficient to convey title, they were admissible in evidence to show the extent of his possession and also to fix the time of his entry. *Bower* v. *Earl, supra.* No allusion need have been made to them in his bill of complaint. The allegation in the second paragraph that he had title to the land by reason of adverse possession for more than 15 years was sufficient, if sustained by proof, to entitle him to the relief prayed for.

We may, I think, take judicial notice of the fact that large tracts of land in the northern part of the State were permitted to be sold for delinquent taxes after the valuable timber had been removed therefrom. Many of these lands were suitable for farms and tax titles on them were purchased by men and women for the purpose of making themselves homes. In many cases the notice of reconveyance or the manner and return of service has not been in strict compliance with the requirements of the law and the entry into

possession of the purchaser has therefore been, as a matter of law, that of a trespasser. If now able, without reliance on his tax deed or any provision of the tax law, to make a perfect title in himself by an adverse possession of 15 years or more, I am of the opinion that he should be protected therein. To hold otherwise will render his title subject to the scrutiny of those familiar with the holdings of this court relative to the infirmities affecting the notice served, and in many cases result in the loss to him of his home and the improvements made by him upon the land by many years of patient toil and endeavor.

The decree is reversed and one entered here granting the relief prayed for in the bill of complaint, with costs of both courts to plaintiff.

MOORE, C. J., and STEERE, STONE, and BIRD, JJ., concurred with SHARPE, J.