TANNER *v.* MICHIGAN TRUST CO.

ADVERSE POSSESSION—CONTINUITY NOT BROKEN BY TAX SALES.
  Continuity of possession sufficient to establish title to
  land by adverse possession is not interrupted by a sale
  of the land to the State for delinquent taxes during the
  15-year period.

Appeal from Mackinac; Shepherd (Frank), J. Submitted June 6, 1922. (Docket No. 15.) Decided October 2, 1922.

Bill by Charles Tanner against the Michigan Trust Company and another, executors of the last will of John A. Jamieson, deceased, to redeem from the sale of land delinquent for taxes. From a decree for plaintiff in part, he appeals. Affirmed.

*D. W. Closser,* for plaintiff.

*Prentiss M. Brown* (*Sprague & Shepherd,* of counsel), for defendants.

BIRD, J. By his bill plaintiff seeks to redeem from State tax deeds of July 3, 1901, and March 1, 1902, on lots 3 and 4 of section 11, and the N. E. ¼ of the S. E. ¼ of section 3, town 42 north, range 3 west, in Mackinac county. The plaintiff made proof that he was the holder of the government title through his grantors. The defendants showed that they were the owners of certain tax titles for the years 1886, 1888 and 1891. These titles were held by the court to be invalid. Defendants also assert title to lots 3 and 4 by adverse possession and their proofs tend to support it. Defendants concede plaintiff is the owner

On unbroken continuity as essential element in adverse possession, see note in 15 L. R. A. (N. S.) 1178.

of the northeast quarter of the southeast quarter and that he is entitled to redeem as to that description by paying the amount due thereon.    Under this concession, plaintiff was given the privilege, in the decree, of redeeming the northeast quarter of the southeast quarter, but was denied that right with reference to lots 3 and 4, on the ground that defendants had acquired the title thereto by adverse possession. From this part of the decree plaintiff has appealed.

The chancellor was of the opinion that defendants' possession of lots 3 and 4 had been such that they had acquired title by adverse possession if their possession had not been interrupted by a sale of the lots to the State for delinquent taxes during the 15-year period. It appeared of record that shortly after the sale to the State the State's right was acquired by the defendants. This is the question in the case.    The chancellor was at first of the impression that when the State bid in the lots at the tax sale the continuity of defendants' possession was thereby broken, but later, upon having the recent case of *Lawson* v. *Bishop,* 212 Mich. 691, called to his attention, he concluded otherwise, and a decree for defendants was ordered.

It is contended by plaintiff that the question is controlled by *Closser* v. *Remley,* 195 Mich. 313.    The defense insist that the recent case of *Lawson* v. *Bishop, supra,* controls it.    The question here involves the same principle that was discussed in the latter case, and the pleadings disclose a similar situation on the facts.    The defendants, in their answer, take the position that they have title by virtue of certain tax titles for the years 1886, 1888 and 1891.    But they say, in substance, "if these do not give us title we have acquired it by adverse possession."    This latter claim is supported by their proofs.    This claim upon the part of defendants puts them in a similar position to that of the plaintiff in the case of *Lawson* v. *Bishop.*

The whole question is so fully discussed in that case by Justices CLARK and SHARPE that it is unnecessary to go over it again here.    We are of the opinion that the chancellor reached a conclusion in accord with *Lawson* v. *Bishop* and, therefore, the decree will be affirmed, with costs of this court to defendants.

FELLOWS, C. J., and WIEST, MCDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.