STRIEBY *v.* BENT.

1. Landlord and Tenant—Tenant May Not Dispute Landlord's Title.

A tenant undisturbed in the use and occupation of premises, during the term of his tenancy, may not acquire a title adverse to his landlord, and thus relieve himself of the obligations of his tenancy.

2. Same—Adverse Possession.

Where a landlord had acquired title by adverse possession, his tenant in undisturbed possession could not, under a deed from the record owner, set up his title in opposition to the terms of his tenancy.

Appeal from Gogebic; Driscoll (George O.), J. Submitted June 4, 1931. (Docket No. 106, Calendar No. 35,669.) Decided October 5, 1931.

Bill by John G. M. Strieby against Charles A. Bent to cancel a lease, quiet title to land, and for other relief. Cross-bill by defendant against plaintiff to declare title in defendant. Decree for defendant on cross-bill. Plaintiff appeals. Affirmed.

As to adverse possession by tenant against landlord's title, see annotation in 53 L. R. A. 941; 12 L. R. A. (N. S.) 1148.

*Baird & Rummel,* for plaintiff.

*Jones & Patek,* for defendant.

Butzel, C. J. Honeymoon Island is less than an acre and more than half an acre in size. It is situated in West Bay Lake, Watersmeet township, Gogebic county, Michigan, not far from the Wisconsin boundary line, and in a sparsely inhabited section.

Defendant Charles A. Bent, 73 years of age, is a resident of Wisconsin, and for many years the operator of a summer resort not far from the island. He also transports passengers by boat to other resorts near by. In 1904, when the island was of but very little value, Bent took possession of it, cleared it, and built and furnished a cabin on it. Since then, except for a few summers, he, himself, or through tenants claiming under him, has continuously occupied the island. During several summers he was unable to secure tenants, but he used the island and the cabin from time to time, and frequently visited it. One year a tenant occupied the property for the entire year, but as a rule, on account of weather conditions, the island was only occupied during the warmer months. It became known as ''Bent's Island.'' There was testimony to show that Bent's possession was open, notorious, adverse, and of a sufficient continuity so as to establish adverse possession. *Murray* v. *Hudson,* 65 Mich. 670; *Whitaker* v. *Erie Shooting Club,* 102 Mich. 454; *Chabert* v. *Russell,* 109 Mich. 571; *Lawson* v. *Bishop,* 212 Mich. 691.

In 1923, plaintiff, John G. M. Strieby, rented the island, with the cabin and its furnishings, from defendant for a period of five years from and after January 1, 1924, with the privilege of renewal for

five additional years, at a rental of $75 a year. Defendant agreed to riprap the south shore line of the island so as to prevent erosion. There is some conflict in the testimony as to whether he properly riprapped the shore line, but it is undisputed that plaintiff became defendant's tenant, and that he used and occupied the island, the cabin, and its furnishings without any molestation or interference from anyone. He also made considerable repairs and improvements. At the end of several years, plaintiff claims to have learned that defendant did not have record title to the island. He refused to pay the rent for the year, although he continued to use and occupy the premises. He sought out the parties who appeared to be the record title holders and obtained deeds from them at a cost of $60. He thereupon claimed title adversely to defendant, who brought suit by attachment for the year's rent. The sheriff seized the personal property belonging to plaintiff on the island. Plaintiff has brought the instant suit and asks that the lease be canceled for alleged fraud in defendant's claiming at the time the lease was entered into that he owned the island. He further asks that the prosecution of the action at law be enjoined, and that his title be quieted as against defendant. The latter filed an answer and cross-bill, denying fraud, claiming title to the island, and showing that plaintiff was his tenant and could not acquire a hostile title against his landlord. Defendant asked for the dismissal of plaintiff's bill of complaint, and a decree adjudging defendant, as cross-plaintiff, the owner in fee simple of the premises. He further asks that plaintiff be compelled to deed the island to defendant. The trial court dismissed plaintiff's bill and granted defendant, as cross-plaintiff, the relief prayed for, on condition,

however, that he deduct the $60, the consideration paid by plaintiff for the deeds, from the $75 due for rent. Bent acquiesced in the decree by not appealing.

There is no testimony that the tenancy of Strieby was in any manner whatsoever disturbed when he refused to pay the rent and then acquired what he believed to be a title adverse to Bent. A tenant undisturbed in the use and occupation of premises, during the term of his tenancy, may not acquire a title adverse to his landlord, and thus relieve himself of the obligations of his tenancy. *Morse* v. *Byam,* 55 Mich. 594. No fraud was shown that in any way affected the tenancy. The decree of the lower court is affirmed, with costs.

WIEST, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.