## ADAIR *v.* BONNINGHAUSEN.

1. STATUTES—CONSTRUCTION—TAX TITLES.

   Tax title proceedings are always closely scrutinized and strictly construed.

2. TAXATION—NOTICE TO REDEEM—TITLE.

   Unless notice to redeem from tax sale is served within the statutory period, the purchaser cannot assert title under his tax deeds (1 Comp. Laws 1929, § 3466).

3. SAME—NOTICE OF RECONVEYANCE—STATUTES—TRESPASS.

   Tax title purchaser who enters into possession and exercises acts of ownership without giving notice of reconveyance to all interested parties pursuant to statute becomes a trespasser (3 Comp. Laws 1929, § 13964).

4. ADVERSE POSSESSION—TITLE.

   A trespasser by adverse possession which is open and notorious for the requisite number of years may acquire title.

5. TAXATION—LIMITATION OF ACTIONS—TITLE.

   Statute limiting time within which action might be brought against tax title purchaser extends to all instances where purchaser merely claims title thereunder and the claim is sufficient to set the statute in motion if it appears to be good on its face and need not have to withstand all evidence brought against it to show that it is bad (Comp. Laws 1929, §§ 3466, 13964).

6. ADVERSE POSSESSION—TAX TITLE—ORIGINAL OWNER.

   Since possession by plaintiffs in suit to quiet title, claiming title under a tax deed, is obviously hostile to that of the original owner, such possession is adverse to that of holder of an undivided interest.

7. SAME—ACTUAL NOTICE OF HOSTILE TITLE.

   Since the holder of an undivided interest in land had actual knowledge of plaintiffs' claim under tax title through service

of notice of adverse title from which hostile possession could be presumed, notoriety was immaterial as actual notice took its place (1 Comp. Laws 1929, § 3466).

8. Same—Occupancy—Enclosure of Land—Residence.

The nature of the acts necessary to constitute actual possession depends upon the character of the premises and to constitute adverse possession it is not necessary to occupancy that the land be enclosed or that the claimant take residence thereon.

9. Same—Evidence—Repairs—Fences—Payment of Taxes.

Repair of fences around land used for pasturing cattle by purchasers of tax title, thinning of wood, erection of new fences and payment of taxes for 10 years constituted sufficient proof of adverse possession where holder of an interest in original title had notice of the adverse claim (Comp. Laws 1929, §§ 3466, 13964).

10. Equity—Reimbursement for Repairs and Taxes—Tenancy in Common.

Owner of undivided half interest in original title of land, held adversely by plaintiffs under claim of tax deed, who failed to reimburse holders of tax deed for taxes paid and improvements made on property when court afforded opportunity to do so was not entitled to equitable relief by way of injunction against asserting any rights or title in the undivided half interest involved.

11. Taxation—Trespass—Reimbursement for Improvements—Equity.

While tax deed holders, if trespassers, would not be entitled to reimbursement for improvements made on premises involved, they would be entitled to one-half the taxes paid for securing title from holder of half interest in original title as a condition of granting her equitable relief by way of injunction against asserting any rights or title in her undivided half interest.

12. Same—Possession—Title—Evidence—Tax Deeds.

In suit to quiet title under claim of title by way of tax deeds issued by auditor general and 10 years' occupancy, such deeds were admissible for purpose of showing possession under color of title without proving validity of proceedings under which they were rested (3 Comp. Laws 1929, § 13964).

13. Pleading—Denial—Court Rules.

Purpose of court rule requiring pleader to set forth the substance of the matter relied on in denial of an opponent's pleading is to expose fictitious defenses (Court Rule No. 23, § 2 [1933]).

14. SAME—SURPRISE—DISCRETION OF COURT.

In suit to quiet title, where the substance of plaintiffs' claims was fully set forth in bill of complaint and defendant could claim no surprise, there was no abuse of discretion by the trial judge in denying defendant's motion to strike plaintiffs' reply to defendant's amended answer and plaintiffs' answer to defendant's cross bill because of failure to set forth substance of matters relied on (Court Rule No. 23, § 2 [1933]).

15. APPEAL AND ERROR—QUESTIONS REVIEWABLE—APPLICABILITY OF AMENDATORY ACT.

Applicability of amendatory act providing that a person who has been properly served with notice to redeem and failed to do so may not defend on the ground that some other person entitled to notice was not served therewith is not considered where plaintiffs in suit to quiet title in themselves under tax deed had purchased all outstanding interests, except appellant's, that were not defaulted (1 Comp. Laws 1929, § 3466, as amended by Act No. 52, Pub. Acts 1939).

Appeal from Alcona; Dehnke (Herman), J. Submitted January 6, 1943. (Docket No. 28, Calendar No. 41,900.) Decided April 6, 1943.

Bill by Raymond and Wilburn Adair against Richard I. Bonninghausen, Lillian G. McEwan and others to quiet title to land. Cross bill by defendant McEwan to declare tax deeds void and for an accounting. Decree for plaintiffs. Defendant McEwan appeals. Affirmed.

*William R. Barber,* for plaintiffs.

*Henry K. Gustin,* for defendants.

BUTZEL, J. Plaintiffs brought suit to quiet title to the undivided one-half of the west one-half of the southeast quarter, with certain exceptions, of section 12, township 26 north, range 8 east, Gustin township, Alcona county, Michigan. They claim title under State tax land deeds issued by the auditor

general for unpaid taxes for the years 1920 to 1926, inclusive, and 10 years' occupancy thereunder. Notice of reconveyance was properly filed and recorded. It was served upon Lillian G. McEwan, defendant and sole appellant herein, but not upon all the other interested parties. In July, 1929, six months after the filing of the notice of reconveyance, plaintiffs entered into possession of the property and immediately repaired one fence along the railroad right of way running through the land and also another fence at the edge of the swamp next to the land of an adjacent owner in order to keep their cattle within bounds. They used the lands, which were of very poor quality, for pasturage. They also thinned out the wood and took what they wanted for their own use. They later built 100 rods of new fencing. They also paid all the taxes on the property for the 10 years. Plaintiffs' claim is based upon adverse possession of the property continuing for the period of 10 years or more under color of the tax deed from the auditor general. All defendants herein with the exception of Mrs. McEwan were either defaulted or their interests were acquired by plaintiffs. Mrs. McEwan filed a cross bill asking that the tax deeds be declared null and void and plaintiffs be enjoined from asserting any right, title or interest in the undivided one-half interest in the property involved. She claimed that the statutory notice of reconveyance was not properly given and that adverse possession must continue for at least 15 years before validating the title. The trial court, after a careful analysis of subsection 2 of 3 Comp. Laws 1929, § 13964 (Stat. Ann. § 27.593), held there had been 10 years adverse possession which began six months after filing of notice for reconveyance, and that the plaintiffs were entitled to decree quieting title against Mrs. McEwan unless she would

agree to reimburse plaintiffs for one-half of the amount paid in acquiring the tax titles plus 5 per cent. interest and one-half of the present value of the new fencing, the case being one in equity in which all the parties sought equitable relief.

The trial judge was presented with the construction of 3 Comp. Laws 1929, § 13964 (Stat. Ann. § 27.593), of which we quote the pertinent parts:

"Hereafter no person shall bring or maintain any action for the recovery of any lands, or the possession thereof   *   *   *   unless such action is commenced:   *   *   *

"2. Within 10 years, where the defendant claims title under a deed made by some officer of this State   *   *   *   authorized to make deeds upon the sale of lands for taxes assessed and levied within the State;

"3. Within 15 years in all other cases."

Can defendant McEwan claim any title under a tax deed within the meaning of this statute after nonaction for over 10 years on the ground of plaintiff's failure to serve notice of reconveyance on all interested parties after plaintiffs have been in possession of the property? 1 Comp. Laws 1929, § 3466 (Stat. Ann. § 7.119), provides that until notice has been given, persons claiming title under a tax deed shall be forever barred from asserting such title. Tax title proceedings are always closely scrutinized and strictly construed. *McVannel* v. *Pure Oil Co.,* 262 Mich. 518. Unless notice to redeem is served within the statutory period, the purchaser cannot assert title under his tax deeds. *Brousseau* v. *Conklin,* 301 Mich. 241; *McClure* v. *Knight,* 284 Mich. 649. Under the circumstances, the purchaser, by entering into possession and exercising acts of ownership, becomes a trespasser. But a trespasser by adverse possession which is open and notorious for the requisite number of years may acquire title.

Appellant claims that the necessary period of occupancy whether under color of a tax deed or otherwise is 15 years. In the cases that counsel for appellant relies on, however, the tax titles themselves were attacked. In none of them was there any claim that possession continued for the full period of 10 years, and thus the question of adverse possession was not considered. The rule applicable to the facts in the case at bar was stated in *Chamberlain* v. *Ahrens,* 55 Mich. 111:

"The statute does not contemplate that the deed must be good, for then no limitation would be necessary to protect the possession. A claim which is consistent with the face of the deed, and which is asserted for 10 years with possession, is all that the law requires."

Again, in *Reilly* v. *Blaser,* 61 Mich. 399, we said:

"The statute protects parties entering under tax titles, whether good or bad, after 10 years occupancy. * * *

"Purchasers of tax titles take no more than the deeds give them, provided they are seasonably attacked; but, when they go into possession, they have a right to require all attacks to be made within the statutory period. There is no reason for importing into the statute a new condition, and for saying that for some infirmities the deeds shall be assailable for a longer period than for others."

See, also, *Lasley* v. *Kniskern,* 152 Mich. 244.

Some doubt was cast upon these early decisions in *Lawson* v. *Bishop,* 212 Mich. 691, but in that case plaintiff had remained in possession for over 15 years and, therefore, the case was decided under subsection 3 of the statute without mention of decisions based upon subsection 2, which were followed in the later decision of *John Widdicomb Co.*

v. *Card,* 218 Mich. 72 (22 A. L. R. 545). The statute
would serve no purpose if it could be invoked only
where the tax deed was valid. Its protection, there-
fore, extends to all instances where defendant
merely claims title thereunder. That claim, to be
sufficient to set the statute in motion, need not have
to withstand all evidence brought against it to show
that it is bad; but it must appear to be good on its
face. *Fitschen* v. *Olson,* 155 Mich. 320.

The trial court properly found that the posses-
sion by plaintiffs was adverse to appellant when
possession is held by claim of title under tax deed,
for as a rule it is obviously hostile to that of the
original owner. *Sparrow* v. *Hovey,* 44 Mich. 63. In
the instant case, appellant had actual knowledge
through service of notice of adverse title, from which
hostile possession could be presumed. Notoriety is
therefore immaterial as actual notice took its place.
*Doctor* v. *Turner,* 251 Mich. 175. The only remain-
ing requirement is that there be some actual pos-
session visible to the record holder. *Lasley* v. *Knis-
kern, supra.* The nature of the acts necessary to
constitute that possession depends upon the char-
acter of the premises, *Barley* v. *Fisher,* 267 Mich.
450. Occupation does not require that the land be
enclosed, *Green* v. *Anglemire,* 77 Mich. 168, nor that
the claimant take residence thereon, *Merritt* v. *West-
erman,* 165 Mich. 535. The elements in the instant
case when taken together prove a possession which
is sufficient where the original owner has notice of
the adverse claim.

However, even assuming that plaintiffs' claims of
possession were insufficient to establish its title, ap-
pellant would not be entitled to the affirmative relief
she seeks for she failed to do equity when given the
opportunity by the court. Plaintiffs were entitled
to reimbursement for payment of all taxes which

were incurred for the benefit of the estate. *Horton v. Salling,* 155 Mich. 502. While it is true that, if trespassers, they were not entitled to reimbursement for improvements, *McBride* v. *Closser,* 208 Mich. 398; *Cook Land, Construction & Producing Co.* v. *McDonald,* 155 Mich. 175, this fact did not affect their right to be reimbursed for one-half of the taxes paid for securing title. Since the value of plaintiffs' use of the land was found to be equivalent to the annual tax payment during occupation, plaintiffs were entitled to one-half the moneys expended for payment of taxes to secure tax title with 5 per cent. interest from date of payment. Defendant refused to pay this or any sums. The conditions imposed being just and reasonable, appellant's prayer for relief must be denied.

Error is assigned in admitting the tax deeds in evidence without proving the validity of the proceedings under which they were rested. They were admissible for the purpose of showing possession under color of title. *Simon* v. *School Board District No. 2,* 299 Mich. 478.

Appellant claims error because the court refused to strike both plaintiffs' reply to defendant's amended answer and also plaintiffs' answer to defendant's cross bill of complaint. She charged that neither set forth the substance of the matters relied upon by plaintiff. Court Rule No. 23, § 2 (1933). There was no abuse of discretion by the trial judge. The purpose of the court rule is to expose fictitious defenses. The substance of plaintiffs' claims is fully set forth in their bill of complaint and defendant could claim no surprise. If appellant was not satisfied with plaintiffs' pleadings, it could have asked that they set forth their claims with greater particularity. There is nothing in the court rule

to indicate that a motion to strike is the proper remedy.

It becomes unnecessary to consider whether Act No. 206, § 73a, Pub. Acts 1893, as amended by Act No. 52, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 3466, Stat. Ann. 1942 Cum. Supp. § 7.119), being an amendment to the former act (1 Comp. Laws 1929, § 3466), applies in the present case. Such amendment provides that the person who has been properly served with notice to redeem and failed to do so may not defend on the ground that some other person or persons entitled to notice were not also served with such notice.

Judgment affirmed, with costs.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUSHNELL, and SHARPE, JJ., concurred.