MARTIN *v.* ALLEN.

EASEMENTS—ADVERSE POSSESSION—QUIETING TITLE.
    In suit to quiet title to easement in driveway wholly on defend-
    ants' property, where plaintiff relied on adverse user, evidence
    *held,* insufficient to establish adverse user for statutory period.

Appeal from Washtenaw; Sample (George W.), J.
Submitted April 5, 1932. (Docket No. 16, Calendar
No. 35,760.) Decided June 6, 1932.

Bill by Harry G. Martin against John Allen and
others to quiet title to an easement. Bill dismissed.
Plaintiff appeals. Affirmed.

*Minor A. Sweet,* for plaintiff.

*Burke & Burke,* for defendants.

BUTZEL, J. Mary A. Stofflet owned a homestead
and a tract of vacant land to the west thereof, all
fronting on the south side of Lawrence street, Ann
Arbor, Michigan. On December 31, 1911, she con-
veyed 35 feet of the vacant property to Richard and
Anna B. Kearns, designated herein as the defend-
ants. We shall not refer to others, who also are
joined as defendants, but took no part in the trans-
actions herein set forth. In the deed to defendants,
the northerly line of the property thus sold was de-
scribed as beginning at a point on Lawrence street
193.98 east of the east line of North Division street,

and then extending east 35 feet, etc. The parties believed that 3 feet intervened between the westerly wall of the bay window of Mrs. Stofflet's home and the easterly line of the 35 feet of vacant land sold to defendants. As a matter of fact, the bay window bordered on the easterly line of the 35 feet sold to defendants. The deed provided for a mutual driveway 6 feet in width, 3 feet to be taken from the east side of the 35 feet sold, and 3 feet from the west side of the property retained by Mrs. Stofflet. When defendants staked out their lot for the purpose of erecting a home, they first discovered that part of Mrs. Stofflet's home stood on the westerly 3 feet of the property retained by her. Upon her attention being called to this discrepancy, she negotiated to purchase 3 feet west of the 35 feet in order to give it to defendants and in turn take back from them the more easterly 3 feet of the 35 feet, and thus contribute her share of land for the mutual driveway. The purchase was not made, but in consideration of her paying one-half of the cost of paving the driveway 6 feet in width and wholly on the defendants' property, she was given the right to use the driveway. This use was permissive and in no way adverse. No written agreement was executed, nor was the permission given for any length of time. The Kearns erected their home west of the driveway thus built.

In 1920, Mrs. Stofflet deeded the homestead to Harry G. Martin, plaintiff herein, and his wife, now deceased. The deed included the right to use the driveway. In 1924, a dispute arose, and, without plaintiff's knowledge, his tenant for a time paid rent to defendants for the use of the driveway. A few years later, dissension arose and plaintiff filed this bill to quiet title to the easement he claimed in

the driveway wholly on defendants' property. Many questions are raised, but a decision of one of them is controlling.

Plaintiff bases his claim on adverse user over a period of 15 years and upwards. We think it clear from the record that the use from 1911 until 1920 was permissive and not adverse. There could not be adverse user for the prescriptive period since then. The trial judge held in his opinion that the driveway was wholly on defendants' property; that only the easterly 3 feet thereof was covered by the reservation in the deed; that plaintiff might use the easterly 3 feet of the driveway, but had no rights whatsoever in the westerly 3 feet. Defendants filed no cross-bill and made no claim to any rights in the westerly 3 feet of plaintiff's property on which part of the house has stood since prior to 1911. The trial judge also expressed his regret that a dispute over such a small matter should cause litigation between neighbors, and urged that it be settled out of court. We concur in his views, as well as in his decree dismissing the bill of complaint, with costs to defendants.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, and WIEST, JJ., concurred. NORTH, J., did not sit.