BANKERS TRUST COMPANY OF MUSKEGON v. ROBINSON.

1. APPEAL AND ERROR — QUESTIONS REVIEWABLE — REASONS AND GROUNDS FOR APPEAL.

Under cross-bill to quiet title by parties who claim easement over lands occupied by their codefendant, denial of such claim by trial court is not reviewed in absence of reason or ground for appeal involving such decision.

2. ADVERSE POSSESSION—COLOR OF TITLE—EXTENT OF LANDS ACQUIRED.

It is unnecessary for parties to have record title to land in order to acquire title by adverse possession but since constructive possession of land is in title owner and there can be no constructive possession of lands in one who has no record title, title by adverse possession, in absence of color of title, extends no farther than boundaries of land actually used and occupied for statutory period by those claiming title by adverse possession (3 Comp. Laws 1929, § 13964).

3. SAME—EVIDENCE OF OCCUPATION BY OTHERS—TAXATION.

Finding of trial court that claimants by adverse possession had not acquired title to any portion of former lake bed land except part actually occupied by their buildings and gardens used in connection therewith *held*, supported by evidence showing record title in plaintiffs, conveyance to and occupation by grantees of strips of land for highway, railroad and pipe line purposes, entry and use by others to remove and sell piling and deadheads, erect and maintain clubhouse and boathouse and to fish in times of overflow, all without objection by claimants, and nonpayment of taxes by claimants and only their occasional entry thereon to cut wild grass.

4. SAME—OCCASIONAL ENTRY TO CUT WILD GRASS.

Occasional or periodical entry upon lands to cut wild grass does not constitute such actual and continuous possession as is necessary to acquire title by adverse possession.

5. SAME—CLAIM OF OWNERSHIP.

A mere claim of ownership does not amount to a continuation of possession.

6. SAME—EVIDENCE OF HOSTILE POSSESSION.

Doctrine sanctioning divestiture of title of true owner by one claiming by hostile occupancy is to be taken strictly and proof to sustain it must be clear and cogent.

7. TAXATION—PAYMENT BY POSSESSOR CLAIMING TITLE OF LAND.

One in possession of land claiming title thereto is bound to pay taxes thereon.

8. EASEMENTS—PERMISSIVE USE—PRESCRIPTIVE RIGHTS.

Permissive use of roadway across lands of another cannot be made the basis of a prescriptive right.

Appeal from Muskegon; Vanderwerp (John), J. Submitted April 22, 1937. (Docket No. 72, Calendar No. 39,405.) Decided June 7, 1937.

Bill by Bankers Trust Company of Muskegon, trustee of the Torrent Trust, against Maria A. Robinson and others to quiet title to land. Cross-bills by Muskegon Hide & Rendering Company, a corporation, and John Rosema, Ethel Rosema, Emma

Leffring, individually and as guardian of June Mathilda Rosema, Mathilda Johnson, as guardian of Elaine Florence Rosema, and Hermina Musk, individually and as guardian of Howard Henry Rosema, George Jacob Rosema and James Robert Rosema, to quiet title to land. From decree quieting title in various parties as to various parcels, defendants Rosema, Musk and Leffring, individually and as guardians, appeal. Affirmed.

*John A. McLaughlin,* for plaintiff.

*Alexis J. Rogoski,* for defendant Muskegon Hide & Rendering Company.

*Cyrus M. Poppen,* for defendants Rosema, Musk and Leffring.

POTTER, J. Appeal by defendants John Rosema, Ethel Rosema, Hermina Musk, Emma Leffring (Howard Henry Rosema, George Jacob Rosema, James Robert Rosema, June Mathilda Rosema and Elaine Florence Rosema) from a decree of the circuit court quieting title to premises described as—

"That part of the S. E. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$ of section 18, and that part of the N. E. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ of section 18, and that part of the S. W. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$ of section 17, and that part of the west $\frac{1}{2}$ of the N. W. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$ and S. E. $\frac{1}{4}$ of N. W. $\frac{1}{4}$ of S. W. $\frac{1}{4}$ of section 17, lying south of US-31, and north of the north or Indian channel of Muskegon river, and lying east and south of the city limits of the city of North Muskegon, Michigan, all in town 10 north, range 16 west in the county of Muskegon and State of Michigan."

The adult defendants and appellants are children and heirs at law of Henry Rosema, Sr., who died in

1929.   The infant defendants and appellants are Howard Henry Rosema, George Jacob Rosema, James Robert Rosema, June Mathilda Rosema and Elaine Florence Rosema, children of Henry Rosema, Jr., and grandchildren and heirs at law of Henry Rosema, Sr.  Appellants are all of the heirs at law of Henry Rosema, Sr., who, it is claimed, first went into possession of the premises in question in 1911. As such heirs at law, appellants claim all the right, title and interest in the premises above described that Henry Rosema, Sr., had at the time of his death, and such further rights as they may have acquired prior to the commencement of this suit, there being privity of title between Henry Rosema, Sr., and his legal heirs who continued in possession of the premises after his death.   Defendants and appellants admit title in plaintiff and its grantors in 1911 when Henry Rosema, Sr., first went into possession thereof, but in their cross-bill of complaint claim superior title to the land in question by adverse possession for the full statutory period of 15 years from and after 1911 and ask that their title may be quieted as against plaintiff by decree.

The issue on this appeal is a question of fact as to whether or not appellants were in the actual, continued, visible, notorious, distinct, hostile and adverse possession of all of the premises above described for the statutory period.

The land involved was formerly a part of the bed of Muskegon lake.  By virtue of patents and other conveyances, the record title to the same and the riparian rights in connection therewith were acquired by the Muskegon Booming Company which used the same in operating its business of driving, sorting and delivering logs to the lumber mills on Muskegon lake.  The booming company fenced in

the waters of the lake by a system of piling and by throwing up embankments. It granted a right of way to the Chicago & West Michigan Railroad Company for a track across the same. It granted to the county of Muskegon a right of way for roads. These operations, together with the action of the elements and the lowering of the water of the lake, changed the nature of the lands so that in 1900, when the booming company actually closed its business, Muskegon lake had become land, swamp and creek, with piling and embankments here and there, and with county roads and railroad tracks across it.

The Muskegon Hide & Rendering Company claimed it was entitled to a decree in its favor quieting title to a parcel of land claimed by it. And during the pendency of the case in the trial court, a stipulation was entered into between plaintiff and defendant Muskegon Hide & Rendering Company authorizing a decree quieting title and confirming the title of the Muskegon Hide & Rendering Company to those pieces and parcels of land claimed by it.

Appellants claim they had acquired a roadway or easement over the lands occupied by the defendant Muskegon Hide & Rendering Company. This contention on the part of the defendants was denied by the trial court. Appellants do not present any reason or ground for appeal involving this decision of the trial court.

It is the contention of plaintiff that defendants must have had actual, continued, visible, notorious, distinct and hostile possession of the lands in question, and that a finding of adverse possession must set forth a state of facts that will satisfy the legal definition. *Paldi* v. *Paldi,* 95 Mich. 410; *Simons* v. *McCormick,* 202 Mich. 485; *McVannel* v. *Pure Oil*

*Co.,* 262 Mich. 518.   It is conceded that the record title to the lands in question is in the plaintiff and that appellants have no record title to the whole or any part thereof.

Though it is not necessary for defendants to have the record title to the land in question in order to acquire title by adverse possession, *Lawson* v. *Bishop,* 212 Mich. 691; *McVannel* v. *Pure Oil Co., supra,* the constructive possession of the land in question is in the title owner and there can be no constructive possession of lands in one who has no record title.   Title by adverse possession, in the absence of color of title, can extend no farther than the boundaries of that land which is actually used and occupied for the statutory period by those claiming title by adverse possession.*   They can acquire nothing beyond that which is actually possessed, used, controlled and occupied by them for the statutory period.

It is the claim of plaintiff herein that defendants' ancestor, Henry Rosema, Sr., did not have actual, continued, visible, notorious, distinct and hostile possession of all the lands claimed by him for the statutory period; that he did not have such possession of the lands claimed by the Muskegon Hide & Rendering Company; that he never claimed anything except the lands which he improved; that his son John built a house upon a part of the lands and premises after he came back from the world war, his father, Henry Rosema, Sr., having said to him "Go ahead and develop it.   Whatever you develop, go ahead and have it."

Plaintiff, in 1928, conveyed to Frank F. Rogers, trustee, a strip across the lands and premises in question for highway purposes.   No objection was

---

* See 3 Comp. Laws 1929, § 13964.—REPORTER.

made upon the part of Henry Rosema, Sr., to the conveyance of this property by plaintiff or its acquisition for highway purposes by Frank F. Rogers, trustee. Plaintiff, in 1929, leased a right of way across the premises in question to the Dixie Oil Company which entered upon, constructed, used and operated a pipe line. There is no proof Henry Rosema, Sr., objected or interfered with the construction or operation of this pipe line. The testimony shows that other persons than Henry Rosema, Sr., and those holding under him, entered upon the premises and pulled out piles and deadheads which they sold to other persons; that a clubhouse and a boathouse were erected upon the premises and maintained for a long period of time; that a large part of the lands were subject to overflow and many people during period of high water fished on part of the premises claimed by defendants; and neither Henry Rosema, Sr., nor anyone else appears to have paid taxes upon the lands in question which were originally a part of the bottom of Muskegon lake; and the trial court was correct in finding that defendants had not acquired title by adverse possession.

The trial court held defendants were not entitled as owners to any of the property in question by adverse possession except that part actually occupied by their buildings and the gardens in connection therewith. The trial court had the witnesses before him and was familiar with the situation, and we have been unable to discover any error in his findings of fact.

The constructive possession of the land in question was in the holder of the record title thereof. *Doctor* v. *Turner*, 251 Mich. 175; *McVannel* v. *Pure Oil Co., supra.* The occasional or periodical entry

upon the lands to cut wild grass does not constitute such actual possession as is necessary to constitute an element of title by adverse possession. *Doctor* v. *Turner, supra;* 2 C. J. p. 67. Such acts amount to no more than occasional trespasses or acts of ownership and do not constitute continuous possession. 2 C. J. p. 82; *Doctor* v. *Turner, supra.* A mere claim of ownership does not amount to a continuation of possession. *McVannel* v. *Pure Oil Co., supra; Doctor* v. *Turner, supra.* The doctrine which sanctions the divestiture of the title of the true owner by claiming by hostile occupancy is to be taken strictly, and the proof to sustain it must be clear and cogent. *Yelverton* v. *Steele,* 40 Mich. 538; *Simons* v. *McCormick, supra; McVannel* v. *Pure Oil Co., supra.* Where one is in the actual possession of a portion of a tract of land without color of title, the possession is not extended by construction beyond the boundaries of the occupied portion. *Campau* v. *Campau,* 44 Mich. 31; *McVannel* v. *Pure Oil Co., supra;* 2 C. J. pp. 230, 231.

" 'The reason on which the rule is based is that when an entry is not under color of title there is no invasion or disseizin which notifies the true owner of a claim asserted by another person, or which gives him a right of action except as to the land actually occupied.' 2 C. J. p. 232;" *McVannel* v. *Pure Oil Co., supra.*

Though one in possession of land claiming title is bound to pay the taxes thereon, *Dubois* v. *Campau,* 24 Mich. 360; *McVannel* v. *Pure Oil Co., supra,* there is no proof in this case that defendants or those in privity with them paid taxes upon the lands in controversy. Nor, for that matter, is there any evidence plaintiff paid taxes thereon.

, Defendants, claim title to a roadway across the lands and premises occupied by the Muskegon Hide & Rendering Company. Though the defendants were permitted to use this roadway, such permissive use cannot be made the basis of a prescriptive right. *Weber* v. *City of Detroit,* 159 Mich. 14 (36 L. R. A. [N. S.] 1056); *Pastorino* v. *City of Detroit,* 182 Mich. 5 (Ann. Cas. 1916 D, 768); 19 C. J. p. 898.

We find no error in the conclusions arrived at by the trial court.

Affirmed, with costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSH-NELL, SHARPE, and CHANDLER, JJ., concurred.